

Timothy M. Ryan, Bar No. 178059
Andrew J. Mase, Bar No. 300680
Natalie R. Garson, Bar No. 345563
THE RYAN FIRM
A Professional Corporation
2603 Main St, Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendants Sam Ostayan, Fleet Capital, Inc., and Adam Garasad
(erroneously sued as "Adam Garisad")

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA VEERKAMP,<br><br>                Plaintiffs,<br><br>vs.<br><br>RONALD PERLSTEIN, THE RONALD PERLSTEIN PROFIT SHARING PLAN FBO, THE ENTRUST GROUP, STORY INVESTMENT LLC, VICKY EZELL, FIDELITY NATIONAL TITLE COMPANY, KATHLEEN HERRERA, WESTERN FIDELITY TRUSTEE, FARMERS and MERCHANTS BANK of LONG BEACH, AMERICAN TRUST ESCROW, CHRIS FONTES, EQUITY FUNDING SOURCE, JUDITH KRUG, FLEET CAPITAL, SAM OSTAYAN, ADAM GARISAD AKA DEMO GARISAD and DOES 1–50, Inclusive,<br><br>                Defendants. | Case No.: 2:25-cv-05496 CBM (JPRx)<br>Unlimited Jurisdiction<br><br>Assigned to:<br>District Judge Consuelo B. Marshall<br>Magistrate Judge Jean P. Rosenbluth<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          September 9, 2025<br>Time:          10:00 AM<br>Crtrm:        8D |

/ / /

/ / /

THE RYAN FIRM
A Professional Corporation

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 9, 2025 at 10:00 a.m., or as soon as may be heard thereafter, in Courtroom 8D, Sixth Floor of the First Street Courthouse, located at 350 West 1st Street, Los Angeles, California 90012-4565, The Honorable Consuelo B. Marshall presiding, defendants Sam Ostayan, Adam Garasad, and Fleet Capital (collectively, "Defendants") will, and hereby do, move for an order dismissing Plaintiff Linda Veerkamp's First Amended Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

This motion is made following a meet and confer with plaintiff pursuant to L.R. 7-3, via telephone call on July 9, 2025. This motion is based on this Notice, the Memorandum of Points and Authorities, the pleadings and records on file in this action, all matters of which the Court may take judicial notice, and any other argument or evidence that may be presented in support of this Motion.

DATED: August 5, 2025

THE RYAN FIRM
A Professional Corporation

By:____/s/ Natalie Garson____
TIMOTHY M. RYAN
ANDREW J. MASE
NATALIE R. GARSON
Attorneys for Sam Ostayan, Fleet Capital, Inc., and Adam Garasad

THE RYAN FIRM
A Professional Corporation

2

Notice of Motion

THE RYAN FIRM
A Professional Corporation

# **TABLE OF CONTENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES** .................................................. 1

1.    **INTRODUCTION** ............................................................. 1

2.    **SUMMARY OF ALLEGATIONS** .......................................... 1

3.    **LEGAL STANDARDS** ........................................................ 2

4.    **LEGAL ARGUMENT** ......................................................... 3

    A.    **The First Claim for Wrongful Foreclosure Against Defendants Ostayan and Garasad Fails for Multiple Reasons** ........................................................................ 3

    B.    **Second Claim: Fraud and Intentional Misrepresentation Against Defendants Ostayan and Garasad.** ................................ 7

    C.    **Fourth Claim: Breach of Contract Against Moving Defendants** ......................................................................... 8

    D.    **Sixth Claim: Unjust Enrichment Against Moving Defendants** ......................................................................... 9

    E.    **Seventh Claim: Conversion Against Moving Defendants** ........... 9

    F.    **Eighth Claim: Constructive Trust Against Moving Defendants** ...................................................................... 10

    G.    **Ninth Claim: Intentional Infliction of Emotional Distress Against Defendants Ostayan and Garasad** ................................ 10

    H.    **Tenth Claim: Negligence Against Moving Defendants** ............... 11

    I.    **Eleventh Claim: Unfair Competition Law (UCL) Under California Business and Professions Code § 17200 Against Moving Defendants** ......................................................... 12

    J.    **Twelfth Claim: Declaratory Relief Against Moving Defendants** ...................................................................... 12

    K.    **Thirteenth Claim: Quiet Title Against Moving Defendants** ...... 13

5.    **CONCLUSION** ................................................................. 13

1

# TABLE OF AUTHORITIES

### State Cases

*Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995)........................................7

*Ball v. FleetBoston Fin. Corp.*, 164 Cal. App. 4th 794, 800 (2008) ..................................13

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990)...........9

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) ............12

*Chao Fu, Inc. v. Chen*, 206 Cal. App. 4th 48, 58 (2012) ....................................................13

*Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991) ..............................................11

*Code of Civil Procedure* section 47(b)................................................................................7

*Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 990 (1995) .....................10

*Coyle v. Historic Mission Inn Corp.*, 24 Cal. App. 5th 627, 634 (2018) .........................11

*Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) .........................6

*Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000)..............10

*Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 523 (2013) ..................12

*Kachig v. Boothe* (1971) 22 Cal. App. 3d 626, 640–641 ...................................................11

*Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). ......................................................7

*Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015).................................................................10

*Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138 (2010) ................................9

*LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) ...................................................8

*Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011)) ......................................4, 6, 13

*McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) .................................................9

*Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1091 (1993) ......................................................7, 8

*Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970)..................................................................9

*Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 1014 (2016) ..........................................12

*Perez v. Golden Empire Transit Dist.*, 209 Cal. App. 4th 1228, 1235 (2012).................11

**THE RYAN FIRM**
A Professional Corporation

1

*Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132 (2014) ............................................................................................................ 9

*Pro Value Props., Inc. v. Quality Loan Serv. Corp.*, 170 Cal. App. 4th 579, 583 (2009) ............................................................................................................ 8

*Residential Capital v. Cal-W. Reconveyance Corp.*, 108 Cal. App. 4th 807, 827 (2003) .......................................................................................................... 11

*Rusheen v. Cohen*, 37 Cal. 4th 1048, 1063 (2006) ............................................ 10

*Salma v. Capon*, 161 Cal. App. 4th 1275, 1295 (2008) ...................................... 9

*Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990) ............................................. 10

*Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 217 (2014) ......................... 9

**State Statutes**

California Civil Code Section 2924 ........................................................... 5, 6, 12

California Business and Professions Code Section 17200 .................................. 12

California Civil Code Section 47 .................................................................... 10

California Civil Code Section 2923.5 ....................................................... 5, 6, 12

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................. 3, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ....................................... 3

*Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) .................................. 3

*In re Gold Strike Heights Ass'n) Indian Vill. Estates, LLC v. Cmty. Assessment Recovery Servs.*, 828 F. App'x 358, 362 (9th Cir. 2020) .................................... 5

*Karimi v. GMAC Mortg.*, No. 11-CV-00926-LHK, 2011 U.S. Dist. LEXIS 136071, at *10 (N.D. Cal. Nov. 28, 2011) .......................................................... 6

*Milyakov v. Quality Loan Serv. Corp*, No. C 17-06533 WHA, 2018 U.S. Dist. LEXIS 19525, at *7 ........................................................................................ 4

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ............................. 3

*Shofet v. Zillow Inc.*, 741 F. Supp. 3d 866, 870 (C.D. Cal. 2024) ....................... 5

*Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) ......... 3

THE RYAN FIRM
A Professional Corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THE RYAN FIRM**
A Professional Corporation

**Federal Statutes**

Federal Rule of Civil Procedure 8(a)(2)......................................................................... 2

Federal Rule of Civil Procedure 12(b)(6)................................................................... 1, 3

Table of Authorities

**THE RYAN FIRM**
A Professional Corporation

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## 1.    INTRODUCTION

Plaintiff Linda Veerkamp's First Amended Complaint (FAC, Doc. 9, filed July 3, 2025) alleges a series of claims arising from an alleged wrongful foreclosure of the subject property at 18320 Regina Avenue, Torrance, California ("Subject Property"). Defendants Sam Ostayan ("Ostayan"), Adam Garasad ("Garasad"), and Fleet Capital ("Fleet") (together, "Moving Defendants") move to dismiss all claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The FAC's allegations against Moving Defendants—primarily centered on their alleged roles as bidders or purchasers at a trustee's sale—are factually and legally deficient. The allegations fail to meet the elements of the alleged claims, lack requisite duties or relationships, and are barred by established legal principles, including the tender rule, litigation privilege, and the nature of foreclosure sales. The Court should dismiss all claims against Moving Defendants with prejudice.

## 2.    SUMMARY OF ALLEGATIONS

The FAC alleges that Plaintiff Linda Veerkamp ("Plaintiff") was the victim of an unlawful scheme to defraud her out of the Subject Property through an alleged predatory loan made to her by third-party defendants.  After the loan was issued, and based on her nonpayment thereof, the Subject Property went to foreclosure. Although not entirely clear, Plaintiff alleges that the foreclosure was wrongful.

The FAC alleges that on or about May 7, 2024, a trustee's sale occurred, orchestrated by non-moving Defendants Ronald Perlstein, Kathleen Herrera, and Western Fidelity Trustees, shortly after the dismissal of Plaintiff's bankruptcy, allegedly violating the California law. (FAC ¶¶ 15, 22–28). The Moving Defendants are merely identified as alleged bidders, purchasers, or related entities at the trustee's sale (FAC ¶¶ 29–42). Specifically, Adam Garasad was the winning purchaser of the Subject Property at foreclosure.  (RFJN Ex. 1 (Trustee's Deed Upon Sale).)

/ / /

THE RYAN FIRM
A Professional Corporation

1    Without identifying how these allegations violate any nonjudicial foreclosure

2    law, Plaintiff further alleges that Garasad "admitted he did not attend the auction,

3    with Ostayan allegedly bidding on his behalf and providing a receipt for a $400,000

4    payment." (FAC ¶¶ 38–42).

5    Plaintiff then alleges that Garasad's attorney Katherine Meleski, filed a

6    verified unlawful detainer complaint on July 9, 2024, falsely claiming Garasad was

7    the highest bidder, despite Ostayan's role in bidding (FAC ¶¶ 35, 38, 41).

8    Fleet Capital is mentioned in only two paragraphs throughout the entire FAC,

9    and is alleged to have "fraudulently recorded the loan to enable title transfer," with

10    no additional details. (FAC ¶ 78, 92). The FAC does not allege that Moving

11    Defendants initiated, conducted, or controlled the foreclosure process, which was

12    handled by other defendants (FAC ¶¶ 15, 22–28). Instead, and despite the transfer

13    of title after a foreclosure auction, the FAC alleges that Moving Defendants

14    participated in a "fictitious" sale designed to strip Plaintiff of title, with the winning

15    bid of $444,186.96 being one penny more than the default debt, suggesting fraud

16    (FAC ¶¶ 14, 46; *Strutt v. Ontario Savings and Loan Assn*. (1972) 28 Cal.App.3d

17    866, 876 ("[I]t is common knowledge that at forced sales such as a trustee's sale the

18    full potential value of the property being sold is rarely realized.").)

19    Despite their limited roles as bidders, the FAC broadly attributes practically

20    all claims—wrongful foreclosure, fraud, breach of contract, and others—to Moving

21    Defendants without any legally cognizable and sufficient factual basis (FAC ¶¶ 95–

22    174), rendering the allegations against them deficient.

23    **3.    LEGAL STANDARDS**

24    To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a

25    complaint must meet Rule 8(a)(2)'s minimum requirements. Rule 8(a)(2) requires a

26    "short and plain statement of the claim showing that the pleader is entitled to relief."

27    Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires "more than an unadorned, the-

28    defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

1   (2009). Instead, the defendant must be given "fair notice of what the...claim is and

2   the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

3   (2007).

4   Further, to survive a motion to dismiss under Rule 12(b)(6), a complaint must

5   "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

6   plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

7   In assessing the adequacy of the complaint, the court must accept all pleaded facts

8   as true and construe them in the light most favorable to the plaintiff. *Turner v. City*

9   *& Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*,

10  568 F.3d 1063, 1067 (9th Cir. 2009). However, conclusory allegations must be

11  disregarded, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at

12  681.

13  The court then determines whether the complaint "allows the court to draw

14  the reasonable inference that the defendant is liable for the misconduct alleged."

15  *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of

16  action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly,

17  "for a complaint to survive a motion to dismiss, the non-conclusory factual content,

18  and reasonable inferences from that content, must be plausibly suggestive of a claim

19  entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th

20  Cir. 2009) (internal quotation marks omitted).

21  **4.     LEGAL ARGUMENT**

22          **A.     The First Claim for Wrongful Foreclosure Against Defendants**

23                  **Ostayan and Garasad Fails for Multiple Reasons**

24  The FAC's first claim for wrongful foreclosure against Defendants Ostayan

25  and Garasad fails for several reasons.

26  / / /

27  / / /

28  / / /

**THE RYAN FIRM**
A Professional Corporation

3

1    First, neither Ostayan nor Garasad are alleged to have caused the foreclosure
2  sale, nor are they alleged to be a "trustee or mortgagee."  "The elements of a
3  wrongful foreclosure claim are: '(1) the trustee or mortgagee caused an illegal,
4  fraudulent, or willfully oppressive sale of real property pursuant to a power of sale
5  in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always
6  the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the
7  trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the
8  amount of the secured indebtedness or was excused from tendering.'" (*Milyakov v.*
9  *Quality Loan Serv. Corp*, No. C 17-06533 WHA, 2018 U.S. Dist. LEXIS 19525, at
10 *7 (N.D. Cal. Feb. 6, 2018) (quoting *Lona v. Citibank, N.A*., 202 Cal. App. 4th 89,
11 104 (2011)).)

12   Here, Garasad was merely the purchaser at the foreclosure sale (RFJN Ex. 1)
13 and Ostayan is alleged to have been the person who bid on Garasad's behalf at the
14 sale (FAC ¶42.)  The FAC identifies Moving Defendants as alleged bidders or
15 purchasers at the trustee's sale, not as parties who initiated or conducted the
16 foreclosure (FAC ¶¶ 29–30, 35–42).

17   At best, Plaintiff alleges that Garasad with a "nominal bidder"—a term that is
18 not described—which, in Plaintiff's view, somehow affects his title to the foreclosed
19 property.  There is no allegation that either Ostayan nor Garasad were the trustees,
20 mortgagees, or beneficiaries that initiated or conducted the foreclosure.  (FAC ¶29).
21 Indeed, it is a judicially noticeable fact (as confirmed by the plain allegations of the
22 complaint) that the trustee who conducted the sale was "Western Fidelity Trustees"
23 and that "Ronald Perlstein, Trustee of the Ronald Perlstein Profit Sharing Plan, FBO
24 Ronald Perlstein, Entrust #00393 as to an Undivided 100% interest" was the
25 foreclosing beneficiary (lender).  (RFJN Exs. 1-2.)

26   Although the FAC states that Moving Defendants "initiated, conducted, and/or
27 participated in the foreclosure process" (FAC ¶ 95), there are no facts pled to
28 establish or substantiate these mere conclusions. (*Shofet v. Zillow Inc*., 741 F. Supp.

THE RYAN FIRM
A Professional Corporation

4

3d 866, 870 (C.D. Cal. 2024) ("A complaint that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Iqbal*, 556 U.S. at 678).)   Nor does Plaintiff plead any facts for how Moving Defendants' "participation" in the foreclosure (the purchase of her property for the amount of the full debt owed) caused her prejudice.  (*In re Gold Strike Heights Ass'n) Indian Vill. Estates, LLC v. Cmty. Assessment Recovery Servs.*, 828 F. App'x 358, 362 (9th Cir. 2020) ("California law requires prejudicial procedural irregularity in order to invalidate a foreclosure sale.").)  In other words, even if Garasad had not purchased the property at foreclosure, and even if Ostayan had not bid for Garasad at the sale[1], Plaintiff still would have lost title to her property through foreclosure— just to someone else.

As sated above, the foreclosure was initiated by Western Fidelity Trustees as the party that recorded the notice of default.  (RFJN Ex. 3.)  Plaintiff then alleges that defendants Ronald Perlstein, Kathleen Herrera, and Western Fidelity Trustees (FAC ¶¶ 15, 22–28) were the parties who conducted the foreclosure sale. Moving Defendants, as alleged participants in the auction, had no role in initiating or conducting the foreclosure sale and thus cannot be liable for wrongful foreclosure.

Next, California Civil Code sections 2923.5 and 2924 do not apply to moving defendants.  Those statutes involve foreclosing parties and mortgage servicers which Defendants are not alleged to be.  The FAC alleges violations of California Civil Code § 2923.5 (requiring mortgage servicer outreach to borrowers) and § 2924 (governing foreclosure procedures generally) (FAC ¶¶ 95–96). Section 2923.5 applies only to "mortgage servicers," defined as entities responsible for servicing the loan. Cal. Civ. Code § 2923.5(i).

The FAC does not allege that Moving Defendants were mortgage servicers or had any role in loan servicing (FAC ¶¶ 29–42). Similarly, § 2924 imposes duties on

---

[1] This is a recognized proper practice and there is no law, statutory or decisional, that prohibits this.

THE RYAN FIRM
A Professional Corporation

foreclosing parties, such as trustees or beneficiaries, not on bidders or purchasers at a foreclosure sale. Cal. Civ. Code § 2924(a)–(h). The FAC contains no allegations that Moving Defendants had any statutory duties under § 2924, rendering these claims inapplicable.

Additionally, Plaintiff fails to allege tender, as required by California law. Under California law, a plaintiff asserting wrongful foreclosure must allege the ability to tender the full amount of the debt owed to set aside the sale. *Lona v. Citibank, N.A.,* 202 Cal. App. 4th 89, 112 (2011). The FAC does not allege that Plaintiff could have tendered the $444,186.95 debt owed at the time of the foreclosure sale. This failure is fatal to the wrongful foreclosure claim. *See Karimi v. GMAC Mortg.,* No. 11-CV-00926-LHK, 2011 U.S. Dist. LEXIS 136071, at *10 (N.D. Cal. Nov. 28, 2011) (plaintiff fails to state a claim for wrongful disclosure for "failure to allege the ability to tender or offer to tender the amount of the secured debt").

Finally, Plaintiff fails to allege prejudice from procedural irregularities. Even if procedural irregularities existed, a wrongful foreclosure claim requires prejudice to the plaintiff, such as a different outcome absent the irregularity. *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal. App. 4th 256, 272 (2011). The FAC's allegations of bid rigging or proxy bidding (FAC ¶ 96(c)) are speculative and lack particularity under Rule 9(b). Moreover, the FAC does not plausibly allege how these irregularities prejudiced Plaintiff, as the sale price ($444,186.96) matched the default debt (FAC ¶ 14), and no other bidders are alleged to have offered more.

The first claim fails because Defendants Ostayan and Garasad did not initiate or conduct the foreclosure, §§ 2923.5 and 2924 do not apply, Plaintiff failed to allege tender, and no prejudice is plausibly alleged. It should be dismissed.

/ / /

/ / /

/ / /

**THE RYAN FIRM**
A Professional Corporation

**B.    Second Claim: Fraud and Intentional Misrepresentation Against Defendants Ostayan and Garasad.**

The FAC's fraud claim against Moving Defendants fails to meet the elements of fraud under California law, which requires: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Fraud claims must be pled with particularity under Rule 9(b). *Kearns*, 567 F.3d at 1124.

The FAC alleges that Defendants Ostayan and Garasad misrepresented their involvement in the trustee's sale, the amounts paid, and the title acquired (FAC ¶ 102). However, these alleged misrepresentations were made in court filings or declarations (FAC ¶¶ 35–42), not directly to Plaintiff or her agents. Fraud requires a misrepresentation made to the plaintiff with intent to induce reliance. *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1091 (1993). The FAC lacks allegations that Moving Defendants communicated any false statements directly to Plaintiff or that she relied on them.  And because they were made in court filings, they are protected by the absolute litigation privilege contained in *Code of Civil Procedure* section 47(b).

Even if misrepresentations were made, the FAC does not allege that Plaintiff justifiably relied on them to her detriment. Justifiable reliance requires that the plaintiff actually relied on the defendant's misrepresentation and that such reliance was reasonable. *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995). The FAC, including paragraphs 101-105, does not allege any specific actions Plaintiff took in reliance on the alleged misrepresentations by Garasad or Ostayan.

For instance, paragraph 102(a) claims that Garasad and Ostayan misrepresented their involvement in the Trustee's sale and the title acquired, but the FAC does not specify how Plaintiff received these statements, believed them to be true, or altered her conduct as a result. The allegations focus primarily on statements made in the unlawful detainer proceeding (FAC ¶¶ 35, 38-40), such as Garasad's claim to be the winning bidder (FAC ¶ 35) and Ostayan's claim of placing a bid on

Garasad's behalf (FAC ¶ 38). These statements were directed to the court, not Plaintiff, and the FAC does not allege that Plaintiff took any action—such as vacating the property, making payments, or refraining from contesting the foreclosure—based on these representations. Without specific allegations of reliance, the fraud claim fails. *See Mirkin*, 5 Cal. 4th at 1088 (actual reliance is a necessary element of fraud).

Further, The FAC's concealment allegations (FAC ¶ 102(d)) fail because concealment requires a duty to disclose, typically arising from a fiduciary or transactional relationship. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). The FAC does not allege any relationship between Plaintiff and Defendants Ostayan and Garasad, who were merely alleged bidders or purchasers (FAC ¶¶ 29–42). Absent such a duty, concealment cannot support a fraud claim. The fraud claim fails for lack of direct misrepresentations, justifiable reliance, and a duty to disclose. It should be dismissed.

## C.    Fourth Claim: Breach of Contract Against Moving Defendants

The FAC's breach of contract claim against Moving Defendants fails because no contract existed between Plaintiff and Moving Defendants. The FAC alleges breaches of "loan and escrow agreements" (FAC ¶ 117), but Moving Defendants are not alleged to be parties to any such agreements. As alleged bidders or purchasers at the trustee's sale (FAC ¶¶ 29–42), Moving Defendants had no contractual relationship with Plaintiff. California law is clear that a trustee's sale does not involve a contract between the trustee and purchaser; it is a ministerial act transferring title. *Pro Value Props., Inc. v. Quality Loan Serv. Corp.*, 170 Cal. App. 4th 579, 583 (2009). Without a contract, there can be no breach.

Even if a contract existed, the FAC fails to identify specific contractual terms breached by Moving Defendants (FAC ¶ 118). General allegations of "failing to provide accurate notices" or "falsifying documents" (FAC ¶ 118) do not suffice to plead a breach of contract claim. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,

THE RYAN FIRM
A Professional Corporation

222 Cal. App. 3d 1371, 1388 (1990) (plaintiff failed to plead a cause of action when "There are no specific allegations of the performance of any of the conditions"). The breach of contract claim fails for lack of a contract and specific allegations of breach. It should be dismissed.

### D.    Sixth Claim: Unjust Enrichment Against Moving Defendants

The FAC's unjust enrichment claim fails because unjust enrichment is not a standalone cause of action in California. California courts consistently hold that unjust enrichment is a remedy, not a cause of action. *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138 (2010). The FAC's claim that Moving Defendants were unjustly enriched by profiting from the foreclosure sale (FAC ¶ 130) cannot stand as an independent claim. *See McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (dismissing unjust enrichment claim as not cognizable).

Even if treated as a quasi-contract claim, unjust enrichment requires that the plaintiff conferred a benefit on the defendant. *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132 (2014). The FAC does not allege that Plaintiff directly conferred any benefit on Moving Defendants, only that they allegedly acquired title through the foreclosure sale (FAC ¶ 130). This is insufficient. As such, the unjust enrichment claim fails as a matter of law and should be dismissed.

### E.    Seventh Claim: Conversion Against Moving Defendants

The FAC's conversion claim against Moving Defendants fails because real property cannot be the subject of conversion. Conversion applies to personal property, not real property. *Salma v. Capon*, 161 Cal. App. 4th 1275, 1295 (2008). The FAC alleges conversion of Plaintiff's "property and equity" in the Subject Property (FAC ¶ 135), which is real property. Equity in real property is also not a chattel subject to conversion. *See Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970). Additionally, Plaintiff fails to even allege a specific amount of money lost, stating only that it is in "an amount that exceeds $600,000" (FAC ¶ 98). *See Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 217 (2014)("Money cannot be the subject of a

THE RYAN FIRM
A Professional Corporation

1    cause of action for conversion unless there is a specific, identifiable sum involved").
2    This claim is legally deficient.

3    Further, conversion requires a wrongful act, such as taking property with
4    intent to deprive. *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015). The FAC's
5    allegations that Moving Defendants acquired title through a foreclosure sale (FAC ¶
6    135) do not establish a wrongful act, as bidding at a trustee's sale is not inherently
7    tortious. For these reasons, this claim should be dismissed.

8    **F.    Eighth Claim: Constructive Trust Against Moving Defendants**

9    The FAC's constructive trust claim fails because constructive trust is a
10   remedy, not a cause of action. Under California law, a constructive trust is an
11   equitable remedy, not an independent cause of action. *Glue-Fold, Inc. v.
12   Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000). The FAC's attempt to
13   assert constructive trust as a claim (FAC ¶ 139–143) is improper. A constructive
14   trust requires an underlying wrong, and as discussed, the FAC's other claims fail. A
15   constructive trust requires a wrongful act by the defendant, such as fraud or breach
16   of fiduciary duty. *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 990
17   (1995). Because the FAC's fraud and other claims against Moving Defendants fail,
18   there is no basis for imposing a constructive trust.

19   **G.    Ninth Claim: Intentional Infliction of Emotional Distress Against**
20   **Defendants Ostayan and Garasad**

21   The FAC's IIED claim against Moving Defendants is barred by the litigation
22   privilege and fails to meet the elements of IIED. The FAC alleges that Moving
23   Defendants' falsification of court documents (e.g., declarations and complaints)
24   caused emotional distress (FAC ¶ 145(b)–(c)). Under California Civil Code § 47(b),
25   statements made in judicial proceedings are absolutely privileged, barring IIED
26   claims based on such conduct. *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). The
27   alleged false declarations and filings by Moving Defendants (FAC ¶¶ 35–42) fall
28   squarely within this privilege. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1063 (2006)

THE RYAN FIRM
A Professional Corporation

Memorandum of Points and Authorities

1   ("no civil causes of action for perjury or abuse of process for filing false
2   declarations" *citing Kachig v. Boothe* (1971) 22 Cal. App. 3d 626, 640–641).

3           Additionally, even if the litigation privilege did not bar this claim, IIED
4   requires conduct "so extreme as to exceed all bounds of that usually tolerated in a
5   civilized community." *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991).
6   The FAC's allegations that Moving Defendants misrepresented their roles in the
7   trustee's sale (FAC ¶ 145) do not rise to this level, especially as bidders have no duty
8   to Plaintiff.

9           The FAC's specific allegations that Moving Defendants' conduct occurred in
10  court filings (FAC ¶¶ 35–42) control over general allegations of outrageous conduct.
11  *See Perez v. Golden Empire Transit Dist.*, 209 Cal. App. 4th 1228, 1235 (2012)
12  ("California courts have adopted the principle that specific allegations in a complaint
13  control over an inconsistent general allegation"). These specific acts are privileged,
14  defeating the IIED claim.

15          The IIED claim is barred by the litigation privilege and fails to allege extreme
16  conduct. It should be dismissed.

17          **H.    Tenth Claim: Negligence Against Moving Defendants**

18          The FAC's negligence claim against Moving Defendants fails for lack of a
19  duty of care. Negligence requires a duty of care owed to the plaintiff. *Coyle v.*
20  *Historic Mission Inn Corp.,* 24 Cal. App. 5th 627, 634 (2018). The FAC alleges that
21  Moving Defendants owed a duty regarding the foreclosure process (FAC ¶ 151), but
22  as alleged bidders or purchasers (FAC ¶¶ 29–42), they had no relationship with
23  Plaintiff giving rise to a duty. California law does not impose a duty on foreclosure
24  sale bidders to ensure the propriety of the sale. *See Residential Capital v. Cal-W.*
25  *Reconveyance Corp.*, 108 Cal. App. 4th 807, 827 (2003).

26  / / /
27  / / /
28  / / /

THE RYAN FIRM
A Professional Corporation

11

Even if a duty existed, the FAC does not allege specific acts by Moving Defendants breaching that duty, beyond speculative claims of bid rigging (FAC ¶ 151(c)). These allegations lack particularity and do not show how Moving Defendants caused Plaintiff's harm, as the foreclosure was conducted by other defendants (FAC ¶¶ 15, 28). The negligence claim fails and should be dismissed.

I. **Eleventh Claim: Unfair Competition Law (UCL) Under California Business and Professions Code § 17200 Against Moving Defendants**

A UCL claim under California Business and Professions Code § 17200 requires an underlying unlawful, unfair, or fraudulent act. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Because the FAC's wrongful foreclosure, fraud, and other claims fail against Moving Defendants, there is no predicate act to support a UCL claim. The FAC's references to California Civil Code §§ 2923.5 and 2924 (FAC ¶¶ 95–96) do not apply to Moving Defendants, as discussed above (*Supra*, Section III.a). Thus, no "unlawful" prong violation is alleged. Any UCL claim fails and should be dismissed.

Likewise, because Plaintiff admits default under the loan, disconnected from any alleged wrongdoing by these Moving Defendants, Plaintiff cannot establish causation required to maintain the claim. (*Jenkins v. JPMorgan Chase Bank, N.A.,* 216 Cal. App. 4th 497, 523 (2013) ("As Jenkins's home was subject to nonjudicial foreclosure because of Jenkins's default on her loan, which occurred before Defendants' alleged wrongful acts, Jenkins cannot assert the impending foreclosure of her home (i.e., her alleged economic injury) was caused by Defendants' wrongful actions.").)

J. **Twelfth Claim: Declaratory Relief Against Moving Defendants**

The FAC's prayer for declaratory relief (FAC ¶ Prayer 1) seeks to void the foreclosure sale. To the extent this is treated as a separate claim, it fails. Declaratory relief requires an "actual, present controversy." *Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 1014 (2016). The FAC seeks relief for a past wrong—the May 2024

THE RYAN FIRM
A Professional Corporation

foreclosure sale (FAC ¶¶ 14, 28)—and alleges no ongoing controversy involving Moving Defendants. *Id*. (dismissing declaratory relief claim for past foreclosure because the "complaint lacks any factual allegations indicating that an actual, present controversy exists between the parties"). Additionally, Declaratory relief depends on the validity of underlying claims. Because the FAC's substantive claims fail, declaratory relief is unavailable. *See Ball v. FleetBoston Fin. Corp.*, 164 Cal. App. 4th 794, 800 (2008). Any declaratory relief claim fails and should be dismissed.

### K.    Thirteenth Claim: Quiet Title Against Moving Defendants

The FAC's quiet title claim (FAC ¶¶ 173–174) fails for lack of standing and failure to tender. A quiet title action requires that the plaintiff hold legal title. *Chao Fu, Inc. v. Chen*, 206 Cal. App. 4th 48, 58 (2012)("absent an interest in the property, a party has no standing to ask the court to quiet title in the property or to obtain damages for the cloud on title"). The FAC alleges that the Subject Property was sold at foreclosure (FAC ¶ 14), divesting Plaintiff of legal title. One any title or interest in the property cannot maintain such an action. *Id.* Plaintiff's claim that the sale was void (FAC ¶ 173) is a legal conclusion unsupported by sufficient facts, as the underlying wrongful foreclosure claim fails.

Further, as discussed above (*supra* Section III.a), Plaintiff failed to plead tender. A plaintiff seeking to quiet title after a foreclosure sale must tender the full amount of the debt. *Lona*, 202 Cal. App. 4th at 112. As noted, the FAC does not allege tender of the $444,186.95 debt, barring the claim. The quiet title claim fails and should be dismissed

### 5.    CONCLUSION

The Complaint fails to state viable claims against Moving Defendants Sam Ostayan, Fleet Capital, Inc., and Adam Garasad. The allegations are legally deficient, barred by the litigation privilege, and fail to meet the elements of the asserted causes of action. The Court should dismiss all claims against Moving Defendants with prejudice, as amendment cannot cure the fundamental defects.

THE RYAN FIRM
A Professional Corporation

1    For the foregoing reasons, the Court should dismiss Plaintiff's Complaint as

2    to Defendants Sam Ostayan, Fleet Capital, Inc., and Adam Garasad without leave to

3    amend.

4

5    DATED: August 5, 2025                THE RYAN FIRM
                                          A Professional Corporation
6

7

8                                         By:   /s/ Natalie Garson
                                              TIMOTHY M. RYAN
9                                             ANDREW J. MASE
                                              NATALIE R. GARSON
10                                            Attorneys for Sam Ostayan, Fleet
                                              Capital, Inc., and Adam Garasad
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

THE RYAN FIRM
A Professional Corporation

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, whose business address is: 2603 Main Street, Suite 1225, Irvine. CA 92614.

On August 5, 2025, I served the within document(s) described as: **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action:

☒   by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Steven W. O'Reilly 12304 Santa Monica Blvd, Suite 300 Los Angeles, CA 90025-2593 | Tel: (310) 560-0800 Fax: (310) 933-6980 Email: steveslaw110@msn.com | Attorney for Plaintiff, Linda Veerkamp |

☒   **BY ELECTRONIC SERVICE** (Code Civ. Proc. § 1010.6) – My electronic service address is: bolivas@theryanfirm.com. I transmitted true and correct electronic copies of the above document(s) to the persons at the electronic mail addresses listed above and said transmission was completed without error.

☒   (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2025, at Irvine, California.

_____
BRIANNA OLIVAS

THE RYAN FIRM
A Professional Corporation

Proof of Service