1  Michael Leight, Esq. #71637
   Law Offices of Michael Leight
2  16400 Pacific Coast Highway
   Suite 203
3  Huntington Beach, California 92649
   562/430-1009 Fax 562/431-2154
4  admin@leightlaw.net

5  Attorney for Defendant, Farmers
   & Merchants Bank of Long Beach
6  25-5124/bh

7

8                        UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11

12  LINDA VEERKAMP,                    )    Case No. 2:25-cv-05496
                                       )         CBM (JPR)
13                    Plaintiff,       )
                                       )    Judge Consuelo B. Marshall
14      vs.                            )
                                       )    **Notice of Motion and Motion**
15  RONALD PERLSTEIN, THE RONALD       )    **by Defendant, Farmers**
16  PERLSTEIN PROFIT SHARING PLAN      )    **& Merchants Bank of Long**
    FBO, THE ENTRUST GROUP, STORY      )    **Beach, to Dismiss First**
17  INVESTMENT LLC, VICKY EZELL,       )    **Amended Complaint (FRCP**
    FIDELITY NATIONAL TITLE COMPANY,   )    **12(b)(6)); Memorandum of**
18  KATHLEEN HERRERA, WESTERN          )    **Points and Authorities;**
    FIDELITY TRUSTEE, FARMERS and      )    **Declaration of John Gloger**
19  MERCHANTS BANK of LONG BEACH,      )
    AMERICAN TRUST ESCROW, CHRIS       )
20  FONTES, EQUITY FUNDING SOURCE,     )    [Filed with a Request for
    JUDITH KRUG, FLEET CAPITAL, SAM    )         Judicial Notice]
21  OSTAYAN, ADAM GARISAD AKA DEMO     )
    GARISAD and DOES 1-50, Inclusive   )
22                                     )    Date: 30 September 2025
                      Defendants.      )    Time: 10:00 AM
23  _____  )    Courtroom: 8D

24

25

26  ///
27

28
    _____
    MOTION TO DISMISS

1    NOTICE IS HEREBY BY GIVEN that on 30 September 2025 at

2  10:00 AM in Courtroo 8D of the United States District Court for

3  the Central District of California, located at 350 W. 1st

4  Street, Los Angeles, California 90012, Defendant, **Farmers &**

5  **Merchants Bank of Long Beach** (Defendant or F&M), will, and does

6  hereby, move for an order dismissing the First Amended Complaint

7  (FAC) filed by Plaintiff, **Linda Veerkamp** (Plaintiff or

8  Veerkamp), pursuant to FRCP 12(b)(6).

9

10    Before filing this motion, counsel for F&M met and

11  conferred with counsel for Veerkamp, as described in the

12  attached Declaration of John Gloger (Gloger Declaration).

13

14    This Motion is based upon this notice of motion, the

15  memorandum of points and authorities, the pleadings and records

16  on file in this action, and matters which the court is requested

17  to take judicial notice, and any further argument or evidence

18  that may be presented at or before hearing on this motion.

19

20  Dated: 18 August 2025

21

22                                    By _____

23                                    Law Offices of Michael Leight
                                       By JOHN GLOGER, Attorney for

24                                    Defendant, Farmers & Merchants
                                       Bank of Long Beach

25

26

27

28  25-5124mtndismiss/bh/sm

MOTION TO DISMISS                    1

1 | Michael Leight, Esq. #71637
Law Offices of Michael Leight
2 | 16400 Pacific Coast Highway
Suite 203
3 | Huntington Beach, California 92649
562/430-1009 Fax 562/431-2154
4 | admin@leightlaw.net

5 | Attorney for Defendant, Farmers
& Merchants Bank of Long Beach
6 | 25-5124/bh

7

8
                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10

11

12 | LINDA VEERKAMP,                        )    Case No. 2:25-cv-05496
                                            )        CBM (JPR)
13 |                    Plaintiff,          )
                                            )        Assigned to:
14 |     vs.                                )    Judge Consuelo B. Marshall
                                            )
15 |                                        )
    RONALD PERLSTEIN, THE RONALD            )   **Memorandum of Points and**
16 | PERLSTEIN PROFIT SHARING PLAN          )   **Authorities by Submitted by**
    FBO, THE ENTRUST GROUP, STORY          )      **Defendant, Farmers**
17 | INVESTMENT LLC, VICKY EZELL,           )    **& Merchants Bank of Long**
    FIDELITY NATIONAL TITLE COMPANY,       )     **Beach, to Dismiss First**
18 | KATHLEEN HERRERA, WESTERN              )       **Amended Complaint**
    FIDELITY TRUSTEE, FARMERS and          )
19 | MERCHANTS BANK of LONG BEACH,          )
    AMERICAN TRUST ESCROW, CHRIS           )
20 | FONTES, EQUITY FUNDING SOURCE,         )
    JUDITH KRUG, FLEET CAPITAL, SAM        )
21 | OSTAYAN, ADAM GARISAD AKA DEMO         )
    GARISAD and DOES 1-50, Inclusive       )
22 |                                        )
                                            )
23 |                    Defendants.         )
    _____)

24

25

26 | ///

27

28 | ///

MOTION TO DISMISS

1

**TABLE OF CONTENTS**

2

Page

3  Summary of Argument . . . . . . . . . . . . . . . . . . . .   1

4  Introduction. . . . . . . . . . . . . . . . . . . . . . . .   2

5  Background. . . . . . . . . . . . . . . . . . . . . . . . .   3

6  Legal Argument and Authority. . . . . . . . . . . . . . . .   4

7      1.   A Borrower Can Raise No Objection to an
            Assignment of the Note and Deed of Trust. . . . . .   4

8

9      2.   Any Viable Claim, Whether in Tort or Contract,
            Requires a Causal Connection Between the
10          Defendants' Acts and the Plaintiff's Damages. . . .   5

11     3.   It Was Perlstein's Deed of Trust, Not F&M's,
            Which Was Foreclosed. . . . . . . . . . . . . . . .   6

12     4.   F&M Did Not Violate the Bankruptcy Automatic
            Stay. . . . . . . . . . . . . . . . . . . . . . . .   7

13

14     5.   All of the Conduct Alleged Against F&M is
            Protected by the Litigation Privilege . . . . . . .   8

15     6.   The Third Cause of Action for Breach of
            Fiduciary Duties Fails to State a Claim
16          Upon Which Relief can be Granted. . . . . . . . . .  10

17     7.   The Fourth Cause of Action for Breach of
            Contract Fails to State a Claim Upon Which
18          Relief can be Granted . . . . . . . . . . . . . . .  10

19     8.   The Fifth Cause of Action for Violation of
            Bankruptcy Automatic Stay (11 U.S.C.A. §362)
20          Fails to State a Claim Upon Which Relief
            can be Granted. . . . . . . . . . . . . . . . . . .  11

21

22     9.   The Sixth Cause of Action for Unjust Enrichment
            Fails to State a Claim Upon Which Relief
            can be Granted. . . . . . . . . . . . . . . . . . .  12

23

24    10.   The Seventh Cause of Action for Conversion
            Fails to State a Claim Upon Which Relief
            can be Granted. . . . . . . . . . . . . . . . . . .  12

25

26    11.   The Eighth Cause of Action for Constructive
            Trust Fails to State a Claim Upon Which Relief
            can be Granted. . . . . . . . . . . . . . . . . . .  13

27

28

MOTION TO DISMISS                        i

12.  The Ninth Cause of Action for Intentional
     Infliction of Emotional Distress Fails to
     State a Claim Upon Which Relief can be Granted. . .  13

13.  The Tenth Cause of Action for Negligence
     Fails to State a Claim Upon Which Relief
     can be Granted. . . . . . . . . . . . . . . . . . .  14

14.  The Eleventh Cause of Action for Injunctive
     Relief Pursuant to Cal. Bus. & Prof. Code
     §17200 Fails to State a Claim Upon Which
     Relief can be Granted . . . . . . . . . . . . . . .  15

15.  The Twelfth Cause of Action for Declaratory
     Relief Fails to State a Claim Upon Which
     Relief can be Granted . . . . . . . . . . . . . . .  16

16.  The Thirteenth Cause of Action for Quiet
     Title Fails to State a Claim Upon Which
     Relief can be Granted . . . . . . . . . . . . . . .  16

Conclusion. . . . . . . . . . . . . . . . . . . . . . . .  17

# TABLE OF AUTHORITIES

Page

**Cases**

Animal Science Products, Inc. vs. Hebei Welcome Pharmaceutical
Co., LTD 585 U.S. 33, 44 (2018) . . . . . . . . . . . . . . 1,9

Ashcroft vs. Iqbal 556 US. 662 (2009) . . . . . . . . . . . 10

Blain vs. Doctor's Co. 222 Cal.App.3d 1048 (1990) . . . . . . 14

In re Bryant 452 B.R. 876 (2011). . . . . . . . . . . . . . . 8

Chau Fu, Inc. vs. Chen 206 Cal.App.4th 48 (2012). . . . . . . 16

Christensen vs. Superior Court 54 Cal.3d 868 (1991) . . . . . 14

Daro vs. Superior Court 151 Cal.App.4th 1079 (2007) . . . . . 15

Glue-Fold, Inc. vs. Slautterback Corp. 82 Cal.App.4th 1018
(2000). . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Hamilton vs. Greenwich Investors XXVI, LLC 195 Cal.App.4th
1602 (2011) . . . . . . . . . . . . . . . . . . . . . . . . 11

Hughes vs. Pair 46 Cal.4th 1035 (2009). . . . . . . . . . . . 13

Kovich vs. Paseo Del Mar Homeowners' Assn. 41 Cal.App.4th
863 (1996). . . . . . . . . . . . . . . . . . . . . . . . . 10

Levine vs. Blue Shield of Cal. 189 Cal.App.4th 1117 (2010). . 12

Lona vs. City Bank N.A. 202 Cal.App.4th 89 (2011) . . . . . . 16

McBride vs. Boughton 23 Cal.App.4th 379 (2004). . . . . . . . 12

McDonald vs. John P. Scripps Newspaper 210 Cal.App.3d 100'
(1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Paulette Vonetta Moses 2017WL 3951703 (2017). . . . . . 8

Munger vs. Moore 11 Cal.App.3d 1 (1970) . . . . . . . . . . . 12

Orcilla vs. Big Sur, Inc. 244 Cal.App.4th 982 (2016). . . . . 16

Pension Trust Fund vs. Federal Ins. Co. 307 F.3d 944 (9th
Circuit 2002) . . . . . . . . . . . . . . . . . . . . . . . 10

Salma vs. Capone 161 Cal.App.4th 1275 (2008). . . . . . . . . 12

Silberg vs. Anderson 50 Cal.3d 205 (1990) . . . . . . . . . . 9

*In re Tucker* 441 BR 638 (2010). . . . . . . . . . . . . . . . 7

*Yvanova vs. New Century Mortgage Corp.* 62 Cal.4th 919 (2016).  4

**Statutes**

Bus. & Prof. Code §17200. . . . . . . . . . . . . . . . 15

11 U.S.C.A. §362. . . . . . . . . . . . . . . . . . 7,8,11

## **Summary of Argument**

Plaintiff, **Linda Veerkamp** (Plaintiff or Veerkamp), has filed this action against numerous defendants, including moving Defendant **Farmers & Merchants Bank of Long Beach** (Defendant or F&M). All the claims against F&M in Veerkamp's First Amended Complaint (FAC) should be dismissed because:

1.  The FAC's allegations fail to demonstrate that Veerkamp's alleged damages were caused by F&M. Without the essential, but missing, element of causation, the FAC fails to state against F&M any claim upon which relief can be granted.

2.  Veerkamp alleges that F&M violated the automatic stay under bankruptcy law [11 U.S.C.A. §362], but the cases hold that the conduct Veerkamp attributes to F&M does not constitute a violation of that statute.

3.  Even without regard to items 1 and 2 above, the conduct of F&M relied upon by Veerkamp to support her claims is barred by California's litigation privilege, which is controlling here. *"If the relevant state law is established by a decision of the 'State's highest court' that decision is 'binding on the federal courts.'"* **Animal Science Products, Inc. vs. Hebei Welcome Pharmaceutical Co., LTD** 585 U.S. 33, 44 (2018).

The motion to dismiss should be granted.

MOTION TO DISMISS                    1

**Introduction**

This action commenced in the superior court of the state of California, county of Los Angeles – Central District (State Court Action), but was removed to this court.  In brief, Veerkamp alleges she was damaged by a foreclosure of her home, which foreclosure was conducted by, or with the assistance of, many of the other defendants, *excluding* F&M.

F&M had a first lien deed of trust encumbering Veerkamp's home [FAC ¶10].  In April of 2022, defendant **Ronald Perlstein** (Perlstein) arranged for Veerkamp another and junior loan, of approximately $370,000.00 [Complaint ¶1], secured by a deed of trust junior to the F&M trust deed.  Thereafter, Perlstein initiated foreclosure on <u>his</u> deed of trust.  In response, Veerkamp filed a Chapter 13 bankruptcy petition on 29 November 2023 [Complaint ¶7].

Veerkamp alleges that on 7 March 2024, after the bankruptcy filing, F&M sold its loan and servicing agreement to defendant **Story Investments, Inc.** (Story), alleged by Veerkamp to be "owned by Ronald Perlstein", [Complaint ¶8].  Perlstein ultimately conducted a foreclosure sale under <u>his</u> deed of trust, and Veerkamp alleges the foreclosure proceedings were fraudulent or otherwise unlawful.  Because the foreclosure sale was conducted under Perlstein's trust deed, and not the senior F&M trust deed which Story acquired from F&M, the assignment of F&M's trust deed to Story is irrelevant and cannot support any

1   of the claims alleged against F&M in the FAC.

2

3       F&M denies any wrongdoing.  But, even if Veerkamp were

4   correct, that F&M had somehow "wrongfully" assigned its note and

5   trust deed to Perlstein during Veerkamp's bankruptcy, and even

6   if F&M had "wrongfully" moved for relief from the automatic

7   stay, none of the purported "wrongful" (but denied) conduct on

8   the part of F&M <u>caused</u> damage to Veerkamp, because it was the

9   foreclosure of <u>Perlstein's</u> deed of trust which is alleged to

10  have damaged her.

11

12      Perlstein had the ability to foreclose his own deed of

13  trust, *which he did*, without regard to the deed of trust F&M

14  assigned to Story.  Without the missing essential elements of

15  causation and resulting damage, there is no viable claim against

16  F&M.  The motion to dismiss should be granted.

17

18                          **<u>Background</u>**

19

20      This case began in Los Angeles County Superior Court when

21  Veerkamp filed her Complaint alleging 14 purported causes of

22  action.  See accompanying Request for Judicial Notice (RJN) by

23  F&M, item 3.  The only allegation against F&M in the State Court

24  Action was:

25

26      "*Perlstein further acted in knowing violation of
        federal bankruptcy law by acquiring an interest in the
27      loan from Farmers & Merchants Bank during Plaintiff's
        active Chapter 13 case, without ever seeking court*

28

MOTION TO DISMISS            3

*approval as required.*"  [Complaint ¶2, 3:26-28]

Veerkamp's FAC, now in federal court, changes course and tries to make F&M a primary villain.  References to F&M in the FAC are everywhere, but they all fail to overcome the fatal weakness in Veerkamp's FAC: None of the acts Veerkamp alleges against F&M had anything to do with <u>Perlstein's</u> foreclosure of <u>his</u> deed of trust, and it was solely that foreclosure which caused the alleged injury to Veerkamp.

### Legal Argument and Authority

1.  **A Borrower Can Raise No Objection to an Assignment of the Note and Deed of Trust**.

"*Defendants emphasize, correctly, that a borrower can generally raise no objection to assignment of the note and deed of trust.  A promissory note is a negotiable instrument the lender may sell without notice to the borrower (citing authority).  The deed of trust, moreover, is inseparable from the note it secures, and follows it even without a separate assignment (citing authority).  In accordance with this general law, the note and deed of trust in this case provided for their possible assignment.*

*A deed of trust may thus be assigned one or multiple times over the life of the loan it secures.*" **Yvanova vs. New Century Mortgage Corp.** 62 Cal.4th 919, 927 (2016).

There was nothing wrong about F&M assigning its note and deed of trust to Perlstein.

2.  **Any Viable Claim, Whether in Tort or Contract, Requires a Causal Connection Between the Defendants' Acts and the Plaintiff's Damages**.

"*A fundamental rule of law is that 'whether the action be in tort or contract compensatory damages cannot be recovered unless there is a causal connection between the act or omission complained of and the injury sustained (citing authorities).'*" **McDonald vs. John P. Scripps Newspaper** 210 Cal.App.3d 100, 104 (1989).

In her FAC, Veerkamp complains that F&M violated the bankruptcy automatic stay in assigning its note and deed of trust to Story, and that somehow F&M did something wrong in moving for relief from the automatic stay. But F&M has no liability because: (1) assigning the note and trust deed did not violate the automatic stay and (2) all of F&M's conduct in connection Veerkamp's bankruptcy proceedings is protected by California's litigation privilege.

The situation might be different if Perlstein had foreclosed the deed of trust Story acquired from F&M. But he didn't. He foreclosed his own junior deed of trust under which he had already commenced foreclosure proceedings before Veerkamp filed her Chapter 13 petition. The FAC states no claim for relief against F&M, and the motion to dismiss should be granted.

///

///

**3.  It Was Perlstein's Deed of Trust, Not F&M's, Which Was Foreclosed.**

According to the FAC, Perlstein's foreclosure was under way when Veerkamp filed her Chapter 13 bankruptcy petition on 29 November 2023 [FAC ¶7].  It was thereafter that F&M sold its loan to Story (allegedly owned by Perlstein) on 7 March 2024 [FAC ¶8].  The trustee's sale was conducted 7 May 2024, two months after F&M sold it's loan to Story [FAC ¶28].  There is no allegation in the FAC that F&M (or Perlstein) ever initiated foreclosure proceedings under <u>F&M's</u> senior deed of trust.  Based on well-known timing requirements of a non-judicial foreclosure, the 7 May 2024 trustee's sale [FAC ¶28] had to be (and was) conducted under Perlstein's deed of trust (not F&M's).

See the Trustee's Deed upon Sale and the Deed of Trust, of which the court has been requested to take judicial notice. They show that the foreclosure about which Veerkamp complains was the foreclosure of Perlstein's junior deed of trust.  See RJN items 1 and 2.  None of the conduct alleged against F&M in the FAC caused any of the damages Veerkamp claims to have sustained, because it was Perlstein's foreclosure of his own deed of trust which caused the alleged injury to Veerkamp.

///

///

**4.    F&M Did Not Violate the Bankruptcy Automatic
Stay.**

Veerkamp alleges that a creditor who assigns, sells, or
transfers an interest in estate property without bankruptcy
court approval violates the automatic stay [FAC ¶9], and alleges
that the violation renders the transfer void.

But Veerkamp misquotes 11 U.S.C.A. §362 (automatic stay)
when she claims it prohibits a creditor from "assigning" its
claim to another. ***§362 says nothing whatever about prohibiting
the "assignment" of a creditor's claim.*** As demonstrated above
in these Points and Authorities (pg.4) a borrower cannot
complain if the lender assigns the note and deed of trust, and
this rule is recognized as well in bankruptcy proceedings. A
transfer of this kind is not a violation of the automatic stay.
In **In re Tucker** 441 BR 638, 646 (2010)(USBC WD Missouri 2010)
the court held that:

> "*Nor did the subsequent assignment of the Deed of
> Trust to Aurora violate the automatic stay....  But
> the recording of an assignment of a deed of trust, or
> the transfer of a note, is not an action against the
> debtor or the debtor's property.  On the date of
> bankruptcy, the Debtor was obligated on a mortgage
> which was held by MERS as nominee for whatever
> assignee held the Note, which happened to be Aurora
> here.  Assignment of the accompanying Deed of Trust
> did not violate the stay because it did not result in
> perfection of a lien - the lien was already
> perfected.*"

1    Other cases hold the same.

2

3       "*Debtor argues the actual assignments of the
        mortgage from MERS to HSBC are nullities because they
4       were after Debtor and Choice filed their respective
        bankruptcy petitions.  I disagree.  There have been no
5       allegations that the initial mortgage was not properly
        perfected when it was filed in the real estate records
6       in 2005, or that it has become unperfected in the
        interim.  As a result, the mortgage was properly
7       perfected pre-petition.*
8

9       *Therefore, to the Debtor, the post-petition
        assignment of the mortgage among creditors does not
10      involve property of Debtor's bankruptcy estate (citing
        authority).  This assignment is similar to the
11      transfer of a claim among creditors and therefore I
        find **such conduct does not violate the §362 automatic
12      stay** in Debtor's case.*"  **In re Bryant** 452 B.R. 876,
        881-882 (2011).  (USBC, SD Georgia (2011)).
13

14

15   See also, for the same holding, **In re Paulette Vonetta

16 Moses** 2017WL 3951703 (USBC, CD California (2017).  FAC ¶9

17 alleges that the assignment to Story was void.  It clearly

18 wasn't.  It is also irrelevant because it was not the F&M trust

19 deed which was foreclosed - it was the junior trust deed held by

20 Perlstein.  There was no violation of the automatic stay by the

21 assignment, and even if there were, it caused no damage to

22 Veerkamp.

23

24       **5.    All the Conduct Alleged Against F&M is
                Protected by the Litigation Privilege**.
25

26

27   All the purported wrongs alleged against F&M (e.g. moving

28 for relief from the automatic stay) occurred within the context

1    of Veerkamp's bankruptcy proceeding.  All of that conduct is

2    protected by the litigation privilege.

3

4         *"The usual formulation is that the privilege
         applies to any communication (1) made in judicial or
5         quasi-judicial proceedings; (2) by litigants or other
         participants authorized by law; (3) to achieve the
6         objects of the litigation; and (4) that have some
         connection or logical relation to the action (citing
7         authorities)....*

8

9         *The principal purpose of section 47(2) is to
         afford litigants and witnesses... the utmost freedom
10        of access to the courts without fear of being harassed
         subsequently by derivative tort actions (citing
11        authorities)....*

12

13        *To effectuate its vital purposes, the litigation
         privilege is held to be absolute in nature."* **Silberg**
14        **vs. Anderson** 50 Cal.3d 205, 212-215 (1990).

15

16   The relevant law regarding the litigation privilege has

17   been established by California's highest court and, therefore,

18   it applies here.

19

20        *"If the relevant state law is established by a
         decision of 'the State's highest court,' that decision
21        is 'binding on the federal courts.'"* **Animal**, supra at
         44.

22

23

24   The litigation privilege protects F&M from all the

25   allegations against it in the FAC.  In addition to (1) the

26   absence of causation, and (2) the protection afforded by the

27   litigation privilege, as discussed below the individual

28

1  purported causes of action in the FAC have additional reasons

2  why they fail to state a claim upon which relief can be granted.

3

4      **6.    The Third Cause of Action for Breach of**
       **Fiduciary Duties Fails to State a Claim**
5      **Upon Which Relief can be Granted**.

6

7      Veerkamp alleges that F&M breached its fiduciary duty to

8  Plaintiff when F&M assigned its trust deed to Perlstein.  But

9  there is no fiduciary duty owing to a borrower from a lender.

10  The relationship between borrower and lender is that of

11  debtor/creditor.  **Pension Trust Fund vs. Federal Ins. Co.** 307

12  F.3d 944 (9th Circuit 2002).  **Kovich vs. Paseo Del Mar**

13  **Homeowners' Assn.** 41 Cal.App.4th 863, 866 (1996).

14

15     **7.    The Fourth Cause of Action for Breach of**
       **Contract Fails to State a Claim Upon Which**
16     **Relief can be Granted**.

17

18     FAC ¶117 alleges "written agreements", and FAC ¶119 alleges

19  that as a proximate result of the defendants' breaches,

20  Plaintiff suffered damages such as: (a) losses resulting from

21  the wrongful foreclosure; (b) loss of the subject property; and

22  (c) emotional distress.

23

24     The "written agreements" are alleged very generally and

25  vaguely, and these conclusory allegations are to be disregarded,

26  for they are not entitled to the assumption of truth.  **Ashcroft**

27  **vs. Iqbal** 556 US. 662, 681 (2009).  Even if the "written

28  agreements" had been specifically alleged, the resulting

foreclosure was that of Perlstein, not F&M.

> "*The essential elements of a breach of contract claim are: (1) the contract; (2) plaintiff's performance or excuse for nonperfomance; (3) defendant's breach; and (4) the <u>resulting</u> damages.*" **Hamilton vs. Greenwich Investors XXVI, LLC** 195 Cal.App.4th 1602, 1614 (2011).

There were no resulting damages to Veerkamp caused by F&M. It was Perlstein's foreclosure, with which F&M had nothing to do, that caused alleged damages.  A breach of contract claim also requires that the plaintiff allege full performance of the contract on its own part, but that is not alleged here.  The cause of action for breach of contract states no viable claim against F&M.

8.    **The Fifth Cause of Action for Violation of Bankruptcy Automatic Stay (11 U.S.C.A. §362) Fails to State a Claim Upon Which Relief can be Granted**.

The purported fifth cause of action for violation of bankruptcy automatic stay alleges, at Complaint ¶124, three ways in which the bankruptcy law was violated: (a) "*conducting the foreclosure auction*"; (b) "*proceeding with actions to transfer title to the subject property despite the stay*"; and (c) "*initiating eviction proceedings against plaintiff while the stay remained in place.*"

///

1      Allegations (a) and (c) clearly do not apply to F&M.  It

2   was Perlstein who "conducted the foreclosure auction" and

3   "initiated eviction proceedings".  F&M is alleged to have done

4   neither.  Regarding the allegation of "proceeding with actions

5   to transfer title to the subject property despite the stay", as

6   demonstrated above beginning at pg.6, that alleged conduct by

7   F&M did not violate the automatic stay.  Furthermore, because of

8   the litigation privilege, F&M is absolutely protected against

9   liability.

10

11      **9.   The Sixth Cause of Action for Unjust Enrichment
           Fails to State a Claim Upon Which Relief**
12         **can be Granted**.

13

14      Unjust enrichment is a remedy, not a cause of action.

15   **Levine vs. Blue Shield of Cal.** 189 Cal.App.4th 1117, 1138

16   (2010).  See also **McBride vs. Boughton** 123 Cal.App.4th 379, 387

17   (2004).

18

19      **10.  The Seventh Cause of Action for Conversion
           Fails to State a Claim Upon Which Relief**
20         **can be Granted**.

21

22      This purported cause of action claims that "Defendants

23   wrongfully converted Plaintiff's property and equity", but a

24   cause of action for conversion is available only for personal

25   property, not real property.  **Salma vs. Capone** 161 Cal.App.4th

26   1275, 1295 (2008).  "Equity" and real property are not subject

27   to a claim of conversion.  **Munger vs. Moore** 11 Cal.App.3d 1, 7

28   (1970).  And even if the other defendants had "converted"

1   property of Veerkamp, F&M did not.

2

3        **11.   The Eighth Cause of Action for Constructive
               Trust Fails to State a Claim Upon Which Relief**

4              **can be Granted.**

5

6        A constructive trust is a remedy in equity, not an

7   independent cause of action.  **Glue-Fold, Inc. vs. Slautterback**

8   **Corp.** 82 Cal.App.4th 1018, 1023, note 3 (2000).  A constructive

9   trust also requires a wrongful act by the defendant, and there

10  was no wrongful act on the part of F&M.

11

12       **12.   The Ninth Cause of Action for Intentional
               Infliction of Emotional Distress Fails to**

13             **State a Claim Upon Which Relief can be Granted**.

14

15       There must be shown a causal connection between the conduct

16  alleged and the resulting injury alleged, to support a claim for

17  intentional infliction of emotional distress.  But that is

18  absent here.

19

20          "*A cause of action of intentional infliction of
         emotional distress exists when there is (1) extreme*

21       *and outrageous conduct by the defendant with the*
         *intention of causing, or reckless disregard of the*

22       *probability of causing, emotional distress; (2) the*
         *plaintiff's suffering severe or extreme emotional*

23       *distress; and (3) actual and proximate causation of*

24       *the emotional distress by the defendant's outrageous*

25       *conduct (citing authority)." **Hughes vs. Pair** 46*

26       Cal.4th 1035, 1050 (2009).

27  ///

28

1    Any conduct alleged against F&M was not "extreme and

2  outrageous".  But also, where is the proximate causation of the

3  emotional distress that could be attributable to F&M, by reason

4  of <u>Perlstein's</u> foreclosure of his deed of trust?  If Veerkamp

5  suffered any emotional distress, which is not admitted, it was

6  caused by Perlstein's foreclosure, not by F&M.  The litigation

7  privilege also applies here.

8

9    **13.   <u>The Tenth Cause of Action for Negligence
     Fails to State a Claim Upon Which Relief</u>**

10     **<u>can be Granted</u>.**

11

12    The tenth cause of action claims that as a direct and

13  proximate result of all of the defendants' negligence, Plaintiff

14  suffered damages [FAC ¶153].  But there is no allegation of how

15  the conduct alleged on the part of F&M caused any of the damage

16  to Plaintiff.  Any damage resulted from Perlstein's foreclosure.

17

18     "*A plaintiff seeking to recover damages from a

19     negligent defendant must alleged a causal connection
       between the negligence and the plaintiff's injury.*"

20     **<u>Christensen vs. Superior Court</u>** 54 Cal.3d 868, 900

21     (1991).

22    How did F&M's purported negligence cause any damage to

23  Veerkamp?

24

25     "*This allegation also goes nowhere without some

26     other allegation showing its causal connection to the
       injuries alleged.*"  **<u>Blain vs. Doctor's Co.</u>** 22Z

27     Cal.App.3d 1048, 1066 (1990).

28

1    The litigation privilege also applies here.

2

3    **14.   The Eleventh Cause of Action for Injunctive**
          **Relief Pursuant to Cal. Bus. & Prof. Code**
4          **§17200 Fails to State a Claim Upon Which**
          **Relief can be Granted**.
5

6
      FAC ¶160 alleges that as a result of defendants' unfair
7
business practices, Plaintiff has suffered irreparable harm and
8
requests injunctive relief.   But any harm suffered was as a
9
result of Perlstein's foreclosure, not as a result of any
10
conduct on the part of F&M.
11

12
      "*When a UCL action is based on an unlawful*
13    *business practice, as here, a party may not premise*
      *its standing to sue upon injury caused by a*
14    *defendant's lawful activity simply because the lawful*
      *activity has some connection to an unlawful practice*
15    *that does not otherwise affect the party.  In short,*
      ***there must be a causal connection*** *between the harm*
16
      *suffered and the unlawful business activity.  **That***
17    ***causal connection is broken when a complaining party***
      ***will suffer the same harm whether or not a defendant***
18    ***complied with the law.*" __Daro vs. Superior Court__ 151
19    Cal.App.4th 1079, 1099 (2007).
20

21    F&M did not violate any law in assigning its note and trust
22    deed to Perlstein.   But even it had, Veerkamp would have
23    "suffered the same harm whether or not".   Perlstein had his own
24    deed of trust, which he foreclosed.   It is irrelevant that
25    Perlstein or his company obtained from F&M another deed of trust
26    which Perlstein did not foreclose.   The purported eleventh cause
27    of action based upon Bus. & Prof. Code §17200 fails to state a
28

1  claim against F&M.  The litigation privilege also applies here.

2

3      **15.    The Twelfth Cause of Action for Declaratory**
           **Relief Fails to State a Claim Upon Which**
4          **Relief can be Granted**.

5

6      A declaratory relief cause of action requires an "actual,

7  present controversy".  **Orcilla vs. Big Sur, Inc.** 244 Cal.App.4th

8  982, 1014 (2016).  But the FAC is seeking relief for alleged

9  past wrongs and alleges no controversy that is ongoing.  In

10  addition, declaratory relief requires, and depends upon,

11  validity of underlying claims.  For all the reasons demonstrated

12  above, the other claims alleged against F&M fail to state claims

13  upon which relief can be granted.  The same is true of the claim

14  for declaratory relief.

15

16      **16.    The Thirteenth Cause of Action for Quiet**
           **Title Fails to State a Claim Upon Which**
17          **Relief can be Granted**.

18

19      Before a party can pursue a claim for quiet title, the

20  plaintiff must hold an interest in the property.  **Chau Fu, Inc.**

21  **vs. Chen** 206 Cal.App.4th 48, 58 (2012).  But the FAC alleges

22  that Veerkamp's property was sold, and thereby divested her of

23  title.  Also, the plaintiff seeking to quiet title after a

24  foreclosure sale must tender the full amount of the debt.  **Lona**

25  **vs. City Bank N.A.** 202 Cal.App.4th 89, 104 (2011).  There is no

26  allegation in the FAC regarding tender of the debt.

27

28

MOTION TO DISMISS              16

## <u>Conclusion</u>

   The motion should be granted for lack of causation on the part of F&M, because of the litigation privilege, and for all the other reasons described above.

Dated: 18 August 2025                   Respectfully submitted,


                                        _____
                                        Law Offices of Michael Leight
                                        By JOHN GLOGER, Attorney for
                                        Defendant, Farmers & Merchants
                                        Bank of Long Beach

25-5124mtndismiss/bh/sm

1  Michael Leight, Esq. #71637
   Law Offices of Michael Leight
2  16400 Pacific Coast Highway
   Suite 203
3  Huntington Beach, California 92649
   562/430-1009 Fax 562/431-2154
4  admin@leightlaw.net

5  Attorney for Defendant, Farmers
   & Merchants Bank of Long Beach
6  25-5124/bh

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11

12 LINDA VEERKAMP,                    )    Case No. 2:25-cv-05496
                                      )         CBM (JPR)
13               Plaintiff,           )
                                      )    Judge Consuelo B. Marshall
14      vs.                           )
                                      )    **Declaration of John Gloger**
15                                    )    **Pursuant to Local Rule 7-3,**
   RONALD PERLSTEIN, THE RONALD       )    **in Support of the Motion by**
16 PERLSTEIN PROFIT SHARING PLAN      )    **Defendant, Farmers &**
   FBO, THE ENTRUST GROUP, STORY      )    **Merchants Bank of Long Beach**
17 INVESTMENT LLC, VICKY EZELL,       )    **to Dismiss the First Amended**
   FIDELITY NATIONAL TITLE COMPANY,   )    **Complaint Filed by**
18 KATHLEEN HERRERA, WESTERN          )    **Plaintiff, Linda Veerkamp**
   FIDELITY TRUSTEE, FARMERS and      )
19 MERCHANTS BANK of LONG BEACH,      )
   AMERICAN TRUST ESCROW, CHRIS       )
20 FONTES, EQUITY FUNDING SOURCE,     )
   JUDITH KRUG, FLEET CAPITAL, SAM    )
21 OSTAYAN, ADAM GARISAD AKA DEMO     )
   GARISAD and DOES 1-50, Inclusive   )
22                                    )
                 Defendants.          )
23 _____   )

24

25

26 ///

27

28

MOTION TO DISMISS

I, **JOHN GLOGER**, declare as follows:

1.    I am an attorney associated with the Law Offices of Michael Leight, which is counsel for Defendant, **Farmers & Merchants Bank of Long Beach** (Defendant or F&M).

2.    This Declaration is based on my personal knowledge of the facts stated herein.  If called as a witness to testify to the facts stated herein I could and would competently and truthfully do so under oath.

3.    I gained my personal knowledge of the facts stated herein as a result of my participation in the events described, by my review of the documents described, or by some combination of the foregoing as specifically set forth.

4.    To comply with Rule 7-3 of the Local Rules of the Central District of California, I arranged for a telephone conference with opposing counsel for Plaintiff, **Linda Veerkamp** (Plaintiff or Veerkamp), Mr. Steven W. O'Reilly, and scheduled the conference for August 13, 2025.

5.    The conference took place on August 13, 2025, and was conducted by telephone.

6.    Mr. O'Reilly and I discussed the First Amended Complaint (FAC), and I emphasized the position of F&M that Mr. O'Reilly's client's alleged damages were not caused by F&M, but

MOTION TO DISMISS                    1

1  were instead caused by the other defendants, and that without

2  that causation, there was no liability on the part of F&M.

3

4      7.   I also expressed the position of F&M that even if

5  anything F&M had done was purportedly "wrongful" (which was and

6  is denied), all of the conduct and communications by F&M were

7  protected by the litigation privilege.

8

9      8.   Mr. O'Reilly, on the other hand, asserted that there

10  was nonetheless liability on the part of F&M, and despite our

11  good faith efforts to resolve the substance of the motion to

12  dismiss which we were contemplating, we were unsuccessful.

13

14     I declare under penalty of perjury that the foregoing is

15  true and correct.  Executed at Huntington Beach, California on

16  18 August 2025.

17

18                        _____

19                    John Gloger

20

21

22

23

24

25

26

27

28  25-5124mtndismiss/bh/sm

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18 and not a party to the within action or proceeding.  My business address is 16400 Pacific Coast Highway, Suite 203, Huntington Beach, California 92649.

    On 18 August 2025,  I served a true copy of the following document described as **Notice of Motion and Motion by Defendant, Farmers Merchants Bank of Long Beach, to Dismiss First Amended Complaint (FRCP 12(b)(6)); Memorandum of Points and Authorities; Declaration of John Gloger** on interested parties as stated on the attached service list.


_X__ BY MAIL - I caused such envelope(s) with postage thereon fully prepaid to be deposited in the U.S. mail at Long Beach, California, to the aforementioned addressee(s).

_X__ BY ELECTRONIC SERVICE

_____ BY FAX (CCP § 1013(a),(e)) by transmitting said document(s) by electronic facsimile from 562/431-2154 to the respective facsimile number(s) of the party(ies) stated above or on the attached service list.  The transmission was reported as complete without error.

_____ BY OVERNIGHT MAIL (CCP § 1013(c)).  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with overnight mail.  Under that practice, it would be deposited with Federal Express or Overnite Express on that same day thereon fully prepaid at Long Beach, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

_____ (State)    I declare under penalty of perjury under the laws  of the State of California that the above is true and correct.

_X_ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service is made.


    Executed at Huntington Beach, California on 18 August 2025.


*Stacy Morrison*
_____
STACY MORRISON

**<u>Service List</u>**

<u>Veerkamp vs. Perlstein</u>
<u>Case No. 2:25-cv-05496-CBM (JPR)</u>

Steven W. O'Reilly, Esq.
Law Office of Steven W. O'Reilly
12304 Santa Monica Blvd., Suite 300
Los Angeles, CA 90025-2593

Timothy M. Ryan Esq.
Andrew J. Mase, Esq.
Natalie R. Garson, Esq.
The Ryan Firm
2603 Main St., Ste. 1225
Irvine, CA 92614-5038

25-5124svc/bh