Steven W. O'Reilly, SBN 141741
Email: steveslaw110@msn.com
12304 Santa Monica Boulevard, Suite 300
Los Angeles, California 90025-2593
Telephone: (310) 560-0800
Facsimile: (310) 933-6980
Attorney for plaintiff, Veerkamp

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Linda Veerkamp<br><br>    Plaintiff,<br><br>v.<br><br>Ronald Perlstein, et al.,<br><br>    Defendants | Case No. 2:25-cv-05496-CBM-JPR<br> Hon. Consuelo B. Marshall<br><br>Plaintiff's Opposition to the Motion to Dismiss the First Amended Complaint Filed by the Defendant Farmers and Merchants Bank of Long Beach; Declaration of Linda Veerkamp; [Proposed] Order<br><br><br>Date:   9-30-25<br>Time:   10:00 a.m.<br>Crtrm.: 8D<br>Judge:  Hon. Consuelo B. Marshall |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

RECORD:  The Plaintiff submits her Brief in Opposition to the Defendants Motion to

Dismiss.

OPPOSITION TO MOTION TO DISMISS

# I. INTRODUCTION

Defendant Farmers & Merchants Bank of Long Beach ("F&M") seeks dismissal by portraying its assignment of Plaintiff Linda Veerkamp's home loan to Story Investments as a routine, lawful transfer. This portrayal is false. On April 14, 2022, a Deed of Trust was recorded against Plaintiff's home at 18320 Regina Avenue, Torrance, California, naming "Ronald Perlstein, Trustee of the Ronald Perlstein Profit Sharing Plan FBO Ronald Perlstein, Entrust #00393." On February 13, 2023, the Lucas Family Trust reconveyance—funded almost a year earlier—was belatedly recorded, leaving a cloud on title that blocked refinance.

On May 9, 2024, a foreclosure auction was conducted; the Trustee's Deed Upon Sale was recorded May 17, 2024. During this time, F&M transferred its interest to Story Investments, effectively placing control of Plaintiff's loan into the hands of Ronald Perlstein, an unlicensed, adverse creditor with no lawful capacity to service or foreclose.

By doing so, F&M violated mandatory compliance duties, consumer protection laws, and fiduciary obligations. It concealed material facts from bankruptcy judges during an active automatic stay. It denied Plaintiff due process, statutory protections, and basic fairness. This is not a motion about routine assignments. It is about fraud upon the court and unlawful conduct by a regulated bank.

## II. PROCEDURAL BACKGROUND

Plaintiff filed her Amended Complaint on July 13, asserting claims for breach of fiduciary duty, negligence, constructive fraud, statutory violations under TILA, RESPA, and the Homeowner Bill of Rights, unfair competition under Cal. Bus. & Prof. Code § 17200, and equitable relief.

On August 18, 2025, Defendant filed its Motion to Dismiss, arguing lack of standing to challenge assignments, absence of duty, litigation privilege, lack of tender for quiet title, and that certain claims (unjust enrichment, declaratory relief) are not causes of action. The F&M Bank claims that the FAC fails to allege causation. The following language comes right out of the FAC:

"Worse still, the F&M Bank failed to perform **even the most basic due diligence** before consummating this transfer. By selling or conveying loan rights to a party known to be **hostile to the debtor and unlicensed to service loans**, F&M Bank **abandoned its duty of care**, and **enabled the use of privileged borrower information as a weapon of fraud**. It is no exaggeration to conclude that the Bank's actions make it **jointly liable** for the theft of Plaintiff's real property alongside Ronald Perlstein, Kathleen Herrera, Sam Ostayan, Adam Garasad and Katherine Meleski. Each of these actors played a role in implementing the fraudulent foreclosure scheme, and the Bank's conduct gave it the **facial legitimacy** required to proceed under color of law."

3

Farmers & Merchants Bank of Long Beach ("F&M") asks this Court to treat its assignment and servicing transfer regarding Plaintiff Linda Veerkamp's home as "routine" and legally inconsequential. It is not.

On April 14, 2022, a Deed of Trust was recorded against Plaintiff's residence, 18320 Regina Avenue, Torrance, California, identifying "Ronald Perlstein, Trustee of the Ronald Perlstein Profit Sharing Plan FBO Ronald Perlstein, Entrust #00393" as beneficiary. On February 13, 2023, the Lucas Family Trust reconveyance (already paid) was finally recorded—nearly ten months late—leaving a cloud on title that derailed refinancing and set the stage for predatory leverage over Plaintiff. On March 7, 2024, F&M transferred servicing and borrower data to "Story Investments," an alter ego of Perlstein, an unlicensed and adverse creditor. During Plaintiff's pending bankruptcy, Perlstein filed a Motion for Relief from Stay on April 2, 2024, posturing as a lawful beneficiary. On May 9, 2024, a foreclosure sale occurred; on May 17, 2024, a Trustee's Deed Upon Sale issued to Dimo Garasad for $444,186.96—one cent above the claimed debt—effectively stripping Plaintiff of her $1.2 million residence and approximately $600,000 in equity.

This is not a passive lender's case. F&M's transfer empowered a hostile, unlicensed actor under hybrid fictitious names, bypassed custodial compliance (Entrust),

violated RESPA/Reg X transfer notice duties, undermined HBOR accuracy protections, and disregarded Civil Code § 2941 reconveyance timelines. The transfer and concealment during bankruptcy constitute fraud upon the court. Each of F&M's arguments fails under controlling law. The Motion to Dismiss must be denied.

Plaintiff filed her Amended Complaint alleging (among others): breach of fiduciary duty, negligence, constructive fraud, violations of RESPA/Reg X, TILA/Reg Z, HBOR, Civil Code § 2941, UCL, and equitable remedies (quiet title, cancellation, constructive trust, restitution). F&M moved to dismiss on August 18, 2025, arguing: (1) no standing to challenge assignments; (2) no fiduciary duty; (3) litigation privilege; (4) tender required; (5) statutory claims fail; (6) equitable/unjust enrichment/declaratory relief fail. Plaintiff opposes each contention below.

### III. LEGAL STANDARD

Under Rule 12(b)(6), the Court accepts well-pleaded facts as true and draws reasonable inferences for Plaintiff. Twombly, 550 U.S. 544; Iqbal, 556 U.S. 662. Dismissal is improper where the complaint alleges a plausible entitlement to relief or where factual development (licensing, compliance, alter ego, causation) is necessary.

OPPOSITION TO MOTION TO DISMISS

# IV. ARGUMENT

### A. Standing to Challenge Void Assignment (Yvanova/Dimock)

F&M's assertion: Borrowers cannot challenge assignments because they are not parties. Controlling law: A borrower may challenge a void assignment post-foreclosure. Yvanova v. New Century, 62 Cal.4th at 935–37 (standing to allege void assignment); Dimock v. Emerald, 81 Cal.App.4th at 876–78 (sale void where wrong entity forecloses). Assignments to an entity without capacity or in violation of controlling law are void ab initio.

Application: The assignee here was "Story Investments," an alter ego for Ronald Perlstein. Perlstein held no NMLS/DFPI/CFL license to originate, service, or enforce a consumer mortgage in California; the ERISA/Entrust custodial framework required custodian execution (not account-holder self-execution). An assignment to an unlicensed, adverse creditor—and without custodial authority—is void, not voidable. Plaintiff has standing.

### B. Fraud Upon the Court: Concealment During Bankruptcy (Hazel-Atlas/Levander)

F&M's assertion: Even if assignment occurred, it did not violate the automatic stay. Law: Acts taken in violation of the automatic stay are void. In re Schwartz, 954 F.2d 569, 571–72 (9th Cir. 1992). Separately, courts may vacate judgments and sanction where a party engages in an "unconscionable plan or scheme" to improperly influence the court.

Hazel-Atlas, 322 U.S. at 246; Chambers, 501 U.S. at 44; In re Levander, 180 F.3d at 1119 (fraud upon the court).

Application: While Plaintiff was under bankruptcy protection, F&M concealed its transfer of servicing/rights to an adverse creditor and permitted that creditor (Perlstein) to seek stay relief as purported beneficiary. Concealment of a material transfer to a hostile, unlicensed actor—paired with sworn representations of standing—compromised the tribunal. That is fraud upon the court warranting denial of dismissal and preserving remedies.

C. Fiduciary Overlay: How Regulatory Duties Convert F&M's Role Into Fiduciary Obligations

F&M's assertion: Lenders owe no fiduciary duty.

Law: Escrow/title holders are fiduciaries to the parties to the escrow. Summit Financial, 27 Cal.4th at 711; Amen, 58 Cal.2d at 531–33; Kirby, 183 Cal.App.3d at 64–66. While a conventional lender generally is not a fiduciary, fiduciary duties arise when a lender/servicer assumes escrow-like control over payoff, reconveyance, recording, and borrower data, or when statutory regimes impose affirmative duties.

Application: F&M exercised discretionary control over Plaintiff's account—transfer of servicing, handling of reconveyance compliance, and disclosure of confidential borrower data to a hostile assignee. That conduct triggers fiduciary obligations and a statutory duty of care. The attempt to shoehorn this case into the "mere lender" rule fails.

7

D. Conflict of Interest & Data Exposure: Adverse Creditor Access to Borrower's Confidential Financial Information

**F&M's assertion: The transfer was routine.**

Law & Application: Transferring a borrower's confidential financial information to an adverse creditor is inherently conflicted and breaches duties of care, privacy, and fair dealing. California's Financial Information Privacy Act (Fin. Code §§ 4050–4060) and federal privacy norms (GLBA) frame the standard of care. Here, F&M placed an adverse, unlicensed creditor—litigating for a foreclosure—into the role of servicer/beneficiary, granting intimate access to Plaintiff's financials. That conflict violated duties embedded in Civ. Code § 1714, HBOR, and RESPA/Reg X (accuracy, responsiveness, non-abusive handling). It is not "routine"—it is actionable.

E. Licensing & Oversight Failures: No NMLS/DFPI/CFL Capacity; Entrust Custodial Requirements Ignored

F&M's assertion: Assignee was valid; assignment lawful.

Law & Application: California's Financing Law (Fin. Code § 22000 et seq.) and DFPI oversight require proper licensure for lending/servicing of consumer mortgages. Perlstein's alter egos (Story Investments; Profit Sharing Plan FBO Perlstein) had no NMLS/DFPI/CFL license to service or enforce a consumer mortgage. Moreover, the Entrust self-directed retirement structure requires custodian execution, pre-close review, and post-recording compliance. Here, documents were executed directly by Perlstein,

bypassing required custodial formalities. An assignment lacking legal capacity and custodial authority is void ab initio.

F. Negligence & Constructive Fraud: Breach of Statutory and Fiduciary Duties; Negligence Per Se (Evid. Code § 669)

Negligence: Independent statutory duties support negligence claims:

• Civ. Code § 2941 (reconveyance timing) — the ten-month delay in recording the Lucas reconveyance breached the statutory timeline and foreseeably harmed Plaintiff's refinancing and position.

• RESPA/Reg X — § 1024.33 requires timely servicing transfer notices.

• HBOR — § 2924.17 requires accurate and reliable information in foreclosure submissions.

Violation of these statutes constitutes negligence per se. Evid. Code § 669.

Constructive fraud: A fiduciary's nondisclosure/misrepresentation is constructive fraud. Civ. Code § 1573. By representing compliance while concealing a transfer to an unlicensed adverse creditor, and by mishandling reconveyance, F&M committed constructive fraud.  Transfer Notices: F&M had to provide notice of servicing transfer before/around the effective date with specific content (new servicer info; effective date; payment address; borrower rights). Plaintiff alleges no compliant notice.

9

OPPOSITION TO MOTION TO DISMISS

• Servicer Duties: Requests for information, early intervention, continuity. F&M's transfer to an adverse, unlicensed actor flouted these duties.HBOR (Civ. Code § 2923.4 et seq.; § 2924.17) Civil Code § 2941:

• Reconveyance within 21 days after satisfaction; penalties for noncompliance. The February 13, 2023 recording—nearly ten months after payoff—breached § 2941 and F&M's assertion: Civil Code § 47 bars Plaintiff's claims.

Law: The litigation privilege does not immunize noncommunicative acts or statutory violations. Komarova v. NCA, 175 Cal.App.4th at 336 (privilege cannot bar liability under statutes designed to deter wrongful conduct); see also cases distinguishing business conduct (assignments, transfers, recording failures) from communicative acts. F&M's assignment, servicing transfer, reconveyance delay, and privacy breaches are conduct, not protected communications.

## V. CONCLUSION

The Motion to dismiss should be denied. The first amended complaint states causes of action with sufficient clarity and allegations of facts.

10

OPPOSITION TO MOTION TO DISMISS

## DECLARATION OF LINDA VEERKAMP

I, Linda Veerkamp, declare:

1. I am the Plaintiff in this action. I have personal knowledge of the facts below and could and would testify competently thereto.

2. I own the residential real property located at 18320 Regina Avenue, Torrance, California 90504 (the "Property").

3. On or about March 31, 2022, I executed a loan transaction in the approximate principal amount of $370,000. On April 14, 2022, a Deed of Trust securing the loan was recorded in Los Angeles County. The Deed identified "Ronald Perlstein, Trustee of the Ronald Perlstein Profit Sharing Plan FBO Ronald Perlstein, Entrust #00393" as beneficiary. The recording requestor was Fidelity National Title Company – Long Beach.

4. Prior to that, I had a lien held by the Lucas Family Trust. I tendered payoff for that lien in 2022. However, the Reconveyance for the Lucas Family Trust was not recorded until February 13, 2023—nearly ten months after payoff—leaving a cloud on title that prevented me from refinancing and protecting my home.

5. On November 29, 2023, I filed a Chapter 13 bankruptcy petition in the Central District of California, Case No. 2:23-bk-17901-VZ.

6. On March 7, 2024, Farmers & Merchants Bank of Long Beach transferred servicing rights and my confidential borrower information to "Story Investments," which I later learned is an alter ego of Ronald Perlstein.

7. On April 2, 2024, Ronald Perlstein filed a Motion for Relief from Stay in my bankruptcy, claiming to be the beneficiary and holder entitled to foreclose.

8. On May 9, 2024, a trustee's sale of my home occurred. On May 17, 2024, a Trustee's Deed Upon Sale was recorded to Dimo Garasad for $444,186.96, which was one cent above the alleged debt.

9. The California Department of Justice foreclosure sale report under Civil Code § 2924m also reflects the May 9, 2024 auction and sale to Dimo Garasad. As a direct and proximate result of these events, I lost my home (valued at approximately $1.2 million) and more than $600,000 in equity, experienced severe financial hardship, and suffered emotional distress.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on 9-9-25, at Los Angeles, California.          /    /Linda Veerkamp

                      Linda Veerkamp

- CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMIT
- Pursuant to Local Rule 11-6 and the Court's Standing Orders, I certify that this opposition including headings, footnotes, and quotations but excluding the caption, tables of contents and authorities, signature block, and this certification, contains 2,565 words.
- This count is made in reliance on the word-count function of the word processing program used to prepare the document (Microsoft Word).
- I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
- Executed this 8 day of September 2025, at Los Angeles, California.

    <u>/s/ Steven W. O'Reilly</u>

    Steven W. O'Reilly

    Attorney for Plaintiff, Linda Veerkamp

# CERTIFICATE OF SERVICE

I, Steven O'Reilly, hereby certify that on September 9, 2025 I electronically filed the foregoing paper described as: Opposition to Motion to Dismiss with the Clerk of the Court using the ECF system and the Court will send notification of such filing to the following parties:

Michael Leight, Esq
16400 PCH, Suite 203
Huntington Beach, Ca. 92649 admin@leightlaw.net

Sinny B. Thai, Esq.
601 S. Figueroa Street, Suite 4025
Los Angeles, Ca. 90017

Jonathan Endman, Esq.
RELAW,APC
2535 Townsgate Road Suite 207
Westlake Village 91361 jonathan@relawapc.com
Timothy M Ryan
Ryan Firm
2603 Main Street, Suite 1225
Irvine, CA 92614 Email: tryan@theryanfirm.com

Andrew Jonathan Mase
The Ryan Firm
2603 Main St, Suite 1225
Irvine, CA 92614 ecf@theryanfirm.com

Natalie Garson
The Ryan Firm
2603 Main St, Suite 1225
Irvine, CA 92614 Email: ngarson@goodwinlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of this court and authorized this service. Executed on September 9, 2025 at Los Angeles, Ca.     By: /s /Steven O'Reilly
STEVEN O'REILLY

1  o

15

OPPOSITION TO MOTION TO DISMISS