Daniel J. Yourist, Esq. (SBN 180026)
*djy@youristlaw.com*
Bradley J. Yourist, Esq. (SBN 180025)
*bjy@youristlaw.com*
**YOURIST LAW CORPORATION, APC**
10850 Wilshire Blvd., Suite 710
Los Angeles, California 90024
Telephone: (310) 575-1175

Attorneys for Defendants, RONALD PERLSTEIN, INDIVIDUALLY AND AS TRUSTEE OF THE RONALD PERLSTEIN PROFIT SHARING PLAN, STORY INVESTMENT, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LINDA VEERKAMP,

Plaintiff,

vs.

RONALD PERLSTEIN, RONALD PERLSTEIN, TRUSTEE OF THE RONALD PERLSTEIN PROFIT SHARING PLAN FBO, RONALD PERLSTEIN, ENTRUST #00393 As to an UND 100% INTEREST, STORY INVESTMENT, LLC, VICKY EZELL, FIDELITY NATIONAL TITLE COMPANY, KATHLEEN HERRERA, WESTERN FIDELITY TRUSTEE, FARMERS AND MERCHANTS BANK OF LONG BEACH, AMERICAN TRUST ESCROW, CHRIS FONTES, EQUITY FUNDING SOURCE, JUDITH KRUG, FLEET CAPITAL, SAM OSTAYAN, ADAM GARASAD and DOES 1-50, Inclusive,

Defendants.

Case No.: 2:25-cv-05496-CBM (JPR)

**DEFENDANTS RONALD PERLSTEIN, RONALD PERLSTEIN AS TRUSTEE OF THE RONALD PERLSTEIN PROFIT SHARING PLAN AND STORY INVESTMENT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIFTH CAUSE OF ACTION OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DANIEL J. YOURIST PURSUANT TO L.R. 7-3**

Date: November 4, 2025
Time: 10:00 a.m.
Ctrm: Hon. Consuelo B. Marshall
Court Room 8D
350 West First Street
Los Angeles, California 90012

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN THAT on November 4, 2025, at 10:00 a.m., before the Honorable Consuelo B. Marshall in Courtroom 8D of the United States Courthouse for the Central District of California, Western Division, located at 350 W. 1st Street, Los Angeles, California, 90012, Defendants Ronald Perlstein, Ronald Perlstein Trustee of the Ronald Perlstein Profit Sharing Plan, and Story Investment, LLC (collectively "Defendants") will and hereby do move this Court to for an order (1) dismissing Plaintiff's Fifth Cause of Action for violation of the automatic stay under 11 U.S.C. § 362 without leave to amend, and (2) transferring the remaining claims to state court for lack of subject matter jurisdiction.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) Plaintiff has not alleged facts establishing any actionable damages under 11 U.S.C. § 362(k); (2) the Complaint's allegations affirmatively show that the foreclosure sale occurred after relief from stay was granted, defeating the claim as a matter of law; and (3) with dismissal of the sole federal cause of action, no basis for federal jurisdiction remains, requiring remand of the matter to state court.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers filed in this action;

and such further argument and matters as may be offered at the time of the hearing of this Motion.

This motion is made following the conference of counsel which took place on September 3, 5 and 8, 2025, pursuant to L.R. 7-3, during which the parties were unable to resolve the issues presented by this motion.

DATED: September 19, 2025 YOURIST LAW CORPORATION

By: /s/ *Daniel J. Yourist*
DANIEL J. YOURIST
Attorneys for Defendants, RONALD PERLSTEIN, INDIVIDUALLY AND AS TRUSTEE OF THE RONALD PERLSTEIN PROFIT SHARING PLAN, AND STORY INVESTMENT, LLC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................ v

INTRODUCTION ........................................................ 1

STATEMENT OF FACTS ........................................................ 1

LEGAL STANDARD ........................................................ 3

LEGAL ANALYSIS ........................................................ 3

A. The Alleged Loan Transfer Does Not Constitute a Stay Violation ........................................................ 3

B. Plaintiff Has Not Alleged Actionable Damages under 11 U.S.C. § 362(k) ........................................................ 5

C. The Foreclosure Occurred After Relief from Stay Was Granted ........................................................ 5

D. Amendment Would Be Futile ........................................................ 6

E. Remand to State Court is Required Absent Federal Jurisdiction ........................................................ 6

CONCLUSION ........................................................ 6

DECLARATION OF DANIEL J. YOURIST ........................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) …… 3, 5

*In re Pecan Groves of Ariz.*, 951 F.2d 242 (9th Cir. 1991) …… 3

*In re Pettit*, 217 F.3d 1072 (9th Cir. 2000) …… 4

*In re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1992) …… 4, 6

*In re Veal*, 450 B.R. 897 (9th Cir. B.A.P. 2011) …… 4

*Dawson v. Washington Mut. Bank, F.A. (In re Dawson)*, 390 F.3d 1139, 1149 (9th Cir. 2004) …… 5

*Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) …… 6

*Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) …… 6

**Statutes**

Federal Rule of Civil Procedure 12(b)(6) …… 3
11 U.S.C. § 362 …… 5, 6
11 U.S.C. § 362(a) …… 3, 4
11 U.S.C. § 362(a)(1) …… 3
11 U.S.C. § 362(a)(2) …… 3
11 U.S.C. § 362(a)(3) …… 3
11 U.S.C. § 362(k) …… 4
28 U.S.C. § 1367(c)(3) …… 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION.**

Plaintiff's Fifth Cause of Action asserts a claim for violation of the automatic stay under 11 U.S.C. § 362. The claim fails as a matter of law because the alleged March 7, 2024 loan transfer does not constitute a violation of the automatic stay because Ninth Circuit precedent establishes that routine creditor-to-creditor assignments do not violate § 362(a). Even if the Court considers the claim, Plaintiff has not pled facts showing actual damages caused by any purported stay violation. To the contrary, the First Amended Complaint concedes that the foreclosure occurred only after the Bankruptcy Court granted relief from stay. Once the § 362 claim is dismissed, no federal question remains, and the remaining state-law claims should be dismissed without prejudice or, in the alternative, transferred to state court.

**II. STATEMENT OF FACTS.**

According to the First Amended Complaint ("FAC"), Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 29, 2023, which triggered the automatic stay under 11 U.S.C. § 362. (FAC ¶ 7- 9.) Farmers and Merchants Bank ("F&M Bank") thereafter filed a motion for relief from the automatic stay in February 2024. (FAC ¶ 8.) While that motion was pending, on March 7, 2024, F&M Bank allegedly sold or transferred Plaintiff's loan and servicing agreement to Story Investments, a company associated with Defendant Perlstein. (FAC ¶¶ 8–10, 15

and 16.) Plaintiff alleges that this transfer occurred without notice to, or approval from the Bankruptcy Court. (FAC ¶ 9, 15 and 16.)

The FAC concedes that in May 2024 the Bankruptcy Court granted relief from the automatic stay, allowing foreclosure to proceed. (FAC ¶¶ 7, 21.) The foreclosure sale of Plaintiff's property occurred on May 7, 2024. (FAC ¶ 14.) Plaintiff further acknowledges that subsequent eviction proceedings followed based on that foreclosure. (FAC ¶¶ 35, 87-89.)

As pled, the only purported stay violation identified in the FAC is the March 7, 2024 transfer of the loan while the bankruptcy was pending. But even if such an assignment occurred, it is well-settled that a loan assignment between creditors does not, by itself, constitute an act to obtain possession of, or exercise control over, property of the estate prohibited by § 362(a). The automatic stay is intended to protect the debtor and estate property from collection activity and enforcement actions, not to regulate routine transfers between creditors. The FAC pleads no facts demonstrating that the March 7, 2024 transfer harmed Plaintiff or deprived her of any rights.

Most critically, Plaintiff's own allegations confirm that the foreclosure—the alleged source of her damages—did not occur until after the Bankruptcy Court entered an order lifting the automatic stay in May 2024. Once relief from stay was granted, foreclosure was lawful and cannot form the basis of a § 362 claim.

## III. LEGAL STANDARD

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations, unsupported by facts, do not meet this standard.

## IV. LEGAL ANALYSIS

### A. The Alleged Loan Transfer Does Not Constitute a Stay Violation.

The only act alleged to have occurred during the pendency of Plaintiff's bankruptcy was the March 7, 2024 transfer of her loan from Farmers & Merchants Bank to Story Investments. That transaction does not fall within the scope of 11 U.S.C. § 362(a). A loan assignment between creditors is not an action "against the debtor" under § 362(a)(1)–(2), nor does it constitute the enforcement of a judgment against the debtor or property of the estate. Moreover, it is not an "act to obtain possession of property of the estate...or to exercise control over property of the estate" under § 362(a)(3). The debtor's property rights and possessory interests remain unaffected because the repayment obligations are unchanged and only the identity of the creditor has shifted.

The Ninth Circuit has consistently held that the automatic stay must be applied narrowly to protect debtors and estate property from collection activity, not to regulate disputes among creditors. *In re Pecan Groves of Ariz.*, 951 F.2d 242, 245 (9th Cir.

1991). Thus, routine transfers between creditors that do not disturb the debtor's possessory rights or alter the debtor's obligations fall outside 11 U.S.C. § 362(a). *In re Pettit,* 217 F.3d 1072, 1080 (9th Cir. 2000); see also *In re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1992).

Courts within the Ninth Circuit have consistently recognized that the mere assignment or transfer of a note or mortgage between creditors does not, by itself, constitute a violation of the automatic stay. The automatic stay prohibits "any act to collect, assess, or recover a claim against the debtor" or to exercise control over property of the estate. 11 U.S.C. § 362(a)(1), (a)(3). But the Ninth Circuit and its Bankruptcy Appellate Panel have made clear that a transfer of ownership of a claim—without any affirmative collection or enforcement activity—is not an "act" against the debtor or estate property. See *In re Veal*, 450 B.R. 897, 912–13 (9th Cir. B.A.P. 2011) (holding that transfer of ownership of a note, without enforcement activity, does not violate § 362(a)). Thus, where—as here—the creditor simply acquired the note and took no offensive collection action against the debtor during the pendency of the stay, and even if Plaintiff alleges indirect effects, such effects do not trigger § 362(a), there is no stay violation under controlling Ninth Circuit authority.

The loan transfer was a routine administrative action that did not affect the Plaintiff's (debtors) rights or obligations. Because Plaintiff does not allege that the March 7, 2024 transfer changed her repayment obligations, imposed new collection

actions, or otherwise interfered with estate property, the First Amended Complaint fails to plead any violation of the automatic stay.

**B. Plaintiff Has Not Alleged Actionable Damages Under 11 U.S.C. § 362(k)**.

Even if the March 7, 2024 transfer could be construed as a technical stay violation, Plaintiff has not alleged facts showing entitlement to relief under 11 U.S.C. § 362(k). That provision authorizes damages only for "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages." Conclusory references to "loss of property," "legal expenses," or "emotional distress" are insufficient as a matter of law. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In particular, emotional distress damages require specific, detailed allegations of significant injury directly caused by the stay violation. *Dawson v. Washington Mut. Bank, F.A.* (In re Dawson), 390 F.3d 1139, 1149 (9th Cir. 2004). Here, the FAC alleges no facts demonstrating a causal connection between the March 7, 2024 transfer and any compensable injury. Rather, Plaintiff attributes her alleged losses to the foreclosure, which she concedes occurred only after the Bankruptcy Court granted relief from stay. Because Plaintiff has not pled actual damages traceable to the alleged violation, the § 362 claim fails as a matter of law.

**C. The Foreclosure Occurred After Relief from Stay Was Granted**.

Plaintiff admits that the Bankruptcy Court granted relief from the stay in May 2024 (FAC ¶¶ 7–8, 21). The foreclosure sale occurred thereafter, on May 7, 2024.

Once relief from stay is granted, foreclosure is not a violation of § 362. *In re Schwartz,* 954 F.2d 569, 571 (9th Cir. 1992). Plaintiff's own allegations thus defeat her claim.

**D. Amendment Would Be Futile**.

Leave to amend should be denied where the defects are legal and incurable. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000). Here, Ninth Circuit precedent establishes that the alleged transfer cannot support a § 362 claim, rendering amendment futile.

**E. Remand to State Court Is Required Absent Federal Jurisdiction**.

With dismissal of the § 362 claim, no federal question remains. The remaining causes of action arise exclusively under state law, including wrongful foreclosure, unjust enrichment, and negligence. This Court therefore lacks subject matter jurisdiction, and the supplemental state-law claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (dismissal proper after federal claim dismissal).

**V. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court (1) dismiss Plaintiff's Fifth Cause of Action for violation of 11 U.S.C. § 362 without leave to amend, and (2) dismiss the remaining state-law claims without prejudice

pursuant to 28 U.S.C. § 1367(c)(3), or alternatively transfer them to state court for lack of federal jurisdiction.

Respectfully Submitted,

DATED: September 19, 2025 YOURIST LAW CORPORATION

By: */s/ Daniel J. Yourist*

DANIEL J. YOURIST
Attorneys for Defendants, RONALD PERLSTEIN, INDIVIDUALLY AND AS TRUSTEE OF THE RONALD PERLSTEIN PROFIT SHARING PLAN, AND STORY INVESTMENT, LLC

**DECLARATION OF DANIEL J. YOURIST**

I, Daniel J. Yourist, declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and am a Shareholder at the law firm of Yourist Law Corporation, Counsel of record for Defendants RONALD PERLSTEIN, RONALD PERLSTEIN as Trustee for the Ronald Perlstein Profit Sharing Plan and STORY INVESTMENT, LLC, a California limited liability company (collectively "DEFENDANTS"). I have personal knowledge of the facts set forth in this declaration. If called upon to do so, I could and would competently testify to the facts stated herein.

2. On September 3, 2025, I sent a letter via email to plaintiff's counsel, Steven W. O'Reilly, pursuant to *Local Rule* 7-3 in good faith regarding the defendants' intended Motion to Dismiss to his client's fifth claim for relief for alleged violation of the automatic stay under 11 U.S.C. § 362 and to seek the transfer of the remaining state law claims to state court.

3. My letter outlined the grounds for the motion, explaining that the First Amended Complaint ("FAC") alleges that the March 7, 2024 transfer of Plaintiff's loan from Farmers & Merchants Bank to Story Investments violated the automatic stay, but that transaction did not fall within the scope of 11 U.S.C. § 362(a). I provided Mr. O'Reilly with established Ninth Circuit precedent that made it clear that

routine creditor-to-creditor loan assignments do not constitute a stay violation. See, *In re Veal*, 450 B.R. 897, 912–13 (9th Cir. B.A.P. 2011) (holding that transfer of ownership of a note, without enforcement activity, does not violate § 362(a)) and *In re Pecan Groves of Ariz*., 951 F.2d 242, 245 (9th Cir. 1991); *In re Pettit*, 217 F.3d 1072, 1080 (9th Cir. 2000). And, explained that his client's FAC did not allege the transfer in any manner altered Plaintiff's repayment obligations or rights, nor involve any collection activity. Rather, the FAC conceded that the foreclosure sale occurred on May 7, 2024, after relief from the stay was granted. Actions occurring after stay relief cannot support a § 362 claim. *See In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992).

4. I concluded my letter offering to discuss the issues over the telephone and provided him with dates of September 9, 10, 11 or 12.

5. On Friday, September 5, 2025, Mr. O'Reilly responded to my legal analysis disagreeing with it and refused to dismiss the fifth claim for relief. He claimed that Story Investments was unlicensed and not a lender or servicer. Mr. O'Reilly cited 11 U.S.C. § 362(a)(3) for the proposition that DEFENDANTS were prohibited from engaging in "any act to obtain possession of property of the estate or exercise control."

6. On Monday, September 8, 2025, I responded to his analysis with additional ninth circuit case law supporting the dismissal of his client's fifth claim for relief explaining that the legal issue at the heart of our client's motion to dismiss the

fifth claim for relief is whether the loan transfer constituted a violation of the automatic stay. And, under Ninth circuit controlling case law, it did not. On Thursday, September 11, 2025, I wrote Mr. O'Reilly a follow-up email asking for his response to my last email. Having received no response, on Monday, September 15, 2025, I wrote to Mr. O'Reilly again and offered him dates to discuss my client's motion to dismiss. I offered to have a call with him on September 16 or 18.

7. On September 18, 2025, Mr. O'Reilly advised me that he felt we had both exhausted our good faith efforts to meet and confer back on September 8, 2025 over his client's complaint. He respectfully disagreed with my analysis. So, DEFENDANTS have no choice but to proceed with the Motion to Dismiss.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration is executed this 19th day of September, 2025, at Los Angeles, California.

/s/ *Daniel J. Yourist* .
DANIEL J. YOURIST

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 10850 Wilshire Blvd., Suite 710, Los Angeles, California 90024.

On September 19, 2025, I served true and correct copies of the following document(s) described as **DEFENDANTS RONALD PERLSTEIN, RONALD PERLSTEIN AS TRUSTEE OF THE RONALD PERLSTEIN PROFIT SHARING PLAN AND STORY INVESTMENT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIFTH CAUSE OF ACTION OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DANIEL YOURIST** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on September 19, 2025, at Los Angeles, California.

/s/ *Daniel J. Yourist* .
Daniel J. Yourist