CHARLES V. BERWANGER (SBN: 047282)
cberwanger@grsm.com
ARIANNA EGUILUZ (SBN: 356793)
aeguiluz@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
THE ENTRUST GROUP INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA VEERKAMP,<br><br>Plaintiff,<br><br>v.<br><br>RONALD PERLSTEIN, TRUSTEE OF THE RONALD PERLSTEIN PROFIT SHARING PLAN FBO, RONALD PERLSTEIN, ENTRUST #00393 AS TO AN UND 100% INTEREST STORY INVESTMENT LLC, VICKY EZELL, FIDELITY NATIONAL TITLE COMPANY, KATHLEEN HERRERA, WESTERN FIDELITY TRUSTEE, FARMERS AND MERCHANTS BANK OF LONG BEACH, AMERICAN TRUST ESCROW, CHRIS FONTES, EQUITY FUNDING SOURCE, JUDITH KRUG, FLEET CAPITAL, SAM OSTAYAN, ADAM GARASAD AND DOES 1–50, INCLUSIVE,<br><br>Defendants. | Case No. 2:25-cv-05496 CBM (JPR)<br><br>**DEFENDANT THE ENTRUST GROUP INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Dept.:<br>Judge: Consuelo B. Marshall<br><br>Complaint Filed: July 03, 2025 |

The Entrust Group Inc. answers the First Amended Complaint herein and in that regard denies, admits, and alleges as follows:

1. In answer to the paragraphs constituting the Introduction this

- 1 -
DEFENDANT THE ENTRUST GROUP INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1  answering defendant does not have sufficient information or belief upon which to
2  answer the allegations contained therein and upon such basis denies each and every
3  allegation contained therein.
4      A fatal flaw to each and every one of the complaint's allegations against The
5  Entrust Group Inc. is that the funds alleged to have been loaned to plaintiff by Mr.
6  Perlstein came from his Profit Sharing Plan. By the Plan, Mr. Perlstein is the Plan
7  administrator. The Plan is self-trusteed meaning that Mr. Perlstein directly manages
8  and makes all decisions about the Plan's assets, including investment choices and
9  overseeing the Plan's business. Entrust does not make or hold any decision-making
10 power over assets held by the Plan. The Internal Revenue Code Provisions alleged
11 by the complaint regarding management and control of the Plan have no
12 application. Entrust demands that the complaint be dismissed as to it.
13     2.   In answer to paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16,
14 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39,
15 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 58, 59, 62, 63, 65, 66, 69, 70, 71, 72,
16 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93 this
17 answering defendant does not have sufficient information or belief upon which to
18 answer the allegations contained therein and upon such basis denies each and every
19 allegation contained therein.
20     3.   In answer to paragraph 3, this answering defendant alleges that the
21 alleged account was at all times relevant completely discretionary by the Depositor,
22 that this answering defendant had absolutely no duties relative to authorizing any
23 investment or withdrawal by Depositor and denies each and every allegation
24 contained in such paragraph insofar as it is inconsistent with the foregoing
25 allegation; and otherwise has no information or belief sufficient to enable this
26 answering defendant to respond to the allegations contained therein and upon such
27 basis denies each and every allegation contained therein.
28

DEFENDANT THE ENTRUST GROUP INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

4.	In answer to paragraph 22, this answering defendant alleges that the alleged account was at all times relevant completely discretionary by the Depositor, that this answering defendant had absolutely no duties relative to authorizing any investment or withdrawal by Depositor and denies each and every allegation contained therein inconsistent with the foregoing; and otherwise has no information or belief sufficient to enable this answering defendant to respond to the allegations contained therein and upon such basis denies each and every allegation contained therein.

5.	In answer to paragraph 48, this answering defendant alleges that the alleged account was at all times relevant completely discretionary by the Depositor, that this answering defendant had absolutely no duties relative to authorizing any investment or withdrawal by Depositor and denies each and every allegation contained in such paragraph insofar as it is inconsistent with the foregoing allegations; and denies each and every remaining allegation contained therein.

6.	In answer to paragraphs 53 through 57, this answering defendant alleges that the alleged account was at all times relevant completely discretionary with Depositor, that this answering defendant had absolutely no duties relative to authorizing any investment or withdrawal by Depositor and denies each and every allegation contained therein inconsistent with the foregoing; and affirmatively alleges that such code sections speaks for themselves.

7.	In answer to paragraph 60, this answering defendant alleges that the alleged account was at all times relevant completely discretionary with Depositor, that this answering defendant had absolutely no duties relative to authorizing any investment or withdrawal by Depositor; alleges that this answering defendant had the duties defined by the contract relationship between it and Depositor; and denies each and every remaining allegation contained therein inconsistent with the foregoing.

8. In answer to paragraph 61, this answering defendant has no information or belief sufficient to enable it to respond to the allegations contained therein and upon the basis of such lack of information or belief denies each and every allegation contained therein.

9. In answer to paragraph 64, this answering defendant alleges that the alleged account was at all times relevant completely discretionary by the Depositor, that this answering defendant had absolutely no duties relative to authorizing any investment or withdrawal by Depositor and denies each and every allegation contained in such paragraph insofar as it is inconsistent with the foregoing allegations; further, specifically denies that this answering defendant had any duty whatsoever to "prevent Perlstein from executing instruments [allegedly]falsely claiming custodial authority; Confirm the legality of the underlying 'Profit Sharing Plan' structure; Monitor or reject a transaction that resulted in wrongful foreclosure."

10. In answer to paragraph 67, alleges that it is a business entity authorized to conduct business in the State of California and is authorized to act as an IRA custodian; that it has a contract relationship with Perlstein as Depositor whereby Depositor established his self – directed account; alleges that the role of this answering defendant as Custodian is defined by the contract relationship; and denies each and every one of the remaining allegations contained therein.

11. In answer to paragraph 68, this answering defendant alleges that the contract relationship established between it and Perlstein as Depositor is not "fabricated"; is not used by this answering defendant to create a misleading appearance as suggested by the allegations; and otherwise denies each and every one of the allegations contained therein.

12. In answer to paragraphs 94 through 115, such causes of action do not seek relief against this answering defendant and based upon such fact, there is no

allegation for this answering defendant to respond to.

13. In answer to the Fourth Cause of Action Breach of Contract, paragraphs 116 through 121, this answering defendant never had a contract relationship with plaintiff, and based thereon as well as the denials contained herein denies each and every allegation contained in such paragraphs.

14. In answer to the Fifth Cause of Action Violation of Automatic Bankruptcy Stay, paragraphs 122 through 128, such cause of action does not seek relief against this answering defendant and based upon such fact, there is no allegation for this answering defendant to respond to.

15. In answer to the Sixth Cause of Action Unjust Enrichment, paragraphs 129 through 133, this answering defendant alleges that it did not benefit in any manner whatsoever from the alleged events giving rise to this litigation, and based thereon as well as the denials contained therein denies each and every allegation contained in such paragraphs.

16. In answer to the Seventh Cause of Action Conversion, paragraphs 134 through 138, this answering defendant alleges that it did not participate in nor benefit from the events alleged in the complaint, and based thereon as well as the other allegations contained herein, denies each and every allegation contained in paragraphs 134 through 138.

17. In answer to the Eighth Cause of Action, Constructive Trust, paragraphs 139 through 143, this answering defendant alleges that it does not have possession, either directly or indirectly, of the property alleged to have been unlawfully taken from plaintiff, and upon such basis, and upon the other bases alleged in this answer, denies each and every allegation contained therein.

18. In answer to the Ninth Cause of Action Intentional Infliction of Emotional Distress, paragraphs 144 through 149, the allegations contained therein do not to apply to this answering defendant.

DEFENDANT THE ENTRUST GROUP INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

19. In answer to the Tenth Cause of Action Negligence, paragraphs 150 through 55, this answering defendant alleges it had no duty of care to plaintiff nor has it committed any act of negligence, and for such reasons and based upon the other allegations contained herein, denies each and every allegation contained therein.

20. In answer to the Eleventh Cause of Action, Injunctive Relief Pursuant to California Business and Professions Code section 17200, paragraphs 156 through 162, this answering defendant alleges that it has not performed any act or omitted any duty required of it under its contract with Depositor, and based upon that fact and the allegations contained herein, denies each and every allegation contained in such paragraphs.

21. In answer to the Twelfth Cause of Action Declaratory Relief, paragraphs 163 through 169, this answering defendant alleges that plaintiff is not entitled to a declaration of rights as against this answering defendant for the reasons identified in this answer.

22. In answer to the Thirteenth Cause of Action Quiet Title, paragraphs 170 through 174, this answering defendant alleges that it has no possession nor control of the property or the funds alleged in the complaint and based thereon, as well as the other allegations contained in this answer, denies each and every allegation against it.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The Complaint, in whole or in part, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff was engaged in conduct and activities with respect to the subject matter of this dispute by reason of which it is estopped to assert any claims or demands.

## THIRD AFFIRMATIVE DEFENSE

### (Act or Omission of Plaintiff)

The damages suffered by Plaintiff, if any, was the result of the acts or omissions of Plaintiff and other parties, named and unnamed in this action, for which Defendant bears no responsibility.

## FOURTH AFFIRMATIVE DEFENSE

### (Set-Off)

Any recovery by Plaintiff must be set off or reduced, abated, or apportioned to the extent that any other party's actions caused or contributed to damages, if any there were

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiff suffered any damage, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages because of its failure to act reasonably to mitigate the damages allegedly incurred.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff would be unjustly enriched if allowed to recover on its Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has engaged in conduct and activities that constitute an express and/or implied waiver of its alleged right to recover on its Complaint.

DEFENDANT THE ENTRUST GROUP INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff does not having standing to bring its Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The causes of action alleged by Plaintiff in the Complaint are barred by statutes of limitations, including but not limited to the limitations periods stated in Code of Civil Procedure §§ 337, 338, 339, 340, and 343.

**TENTH AFFIRMATIVE DEFENSE**

**(Damage, If Any, Caused By Others)**

Any damage suffered by Plaintiff was caused by the acts or omissions of persons or entities other than Defendant, and recovery is therefore barred or proportionately reduced accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff is barred from recovery on the matters alleged in the Complaint by the equitable doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

Any damage suffered by Plaintiff was the result of the negligence and failure to use reasonable diligence in performing the acts required of Plaintiff and, therefore, said conduct either bars or proportionally reduces any potential recovery to Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

The principles of comparative equitable indemnity should be applied by the Court where appropriate, despite the absence of Plaintiff requesting the same.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Privity)**

Plaintiff is barred from recovery on the claims asserted in the Complaint because there is not privity between Plaintiff and this Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff is barred from recovery on the matters alleged in the Complaint by equitable doctrine of lathes.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

Any and all alleged acts or omissions of Defendant were undertaken or not undertaken in the reasonable exercise of Defendant's business judgment.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

Defendant presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses.

WHEREFORE, THIS ANSWERING DEFENDANT PRAYS THAT JUDGMENT BE ENTERED AS FOLLOWS:

1. That plaintiff take nothing as against this answering defendant
2. That this answering defendant be awarded its costs of suit incurred herein; and

//
//
//
//

DEFENDANT THE ENTRUST GROUP INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

3. That this court may can enter such additional relief as it may deem just and proper.

Dated: October 10, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Charles V. Berwanger
Charles V. Berwanger
Arianna Eguiluz
Attorneys for Defendant
*THE ENTRUST GROUP INC.*