1  Daniel J. Yourist, Esq. (SBN 180026)
2     djy@youristlaw.com
   Bradley J. Yourist, Esq. (SBN 180025)
3     bjy@youristlaw.com
4  **YOURIST LAW CORPORATION**, APC
   10850 Wilshire Blvd., Suite 710
5  Los Angeles, California 90024
6  Telephone: (310) 575-1175

7  Attorneys for Defendants, RONALD PERLSTEIN,
   INDIVIDUALLY AND AS TRUSTEE OF THE
8  RONALD PERLSTEIN PROFIT SHARING PLAN,
9  STORY INVESTMENT, LLC

10              **UNITED STATES DISTRICT COURT**
11
12              **CENTRAL DISTRICT OF CALIFORNIA**

13
   | | |
   |---|---|
   | LINDA VEERKAMP,<br><br>              Plaintiff,<br>vs.<br><br>RONALD PERLSTEIN, et al.,<br><br>              Defendants. | Case No.: 2:25-cv-05496-CBM (JPR)<br><br>**DEFENDANTS RONALD PERLSTEIN, RONALD PERLSTEIN AS TRUSTEE OF THE RONALD PERLSTEIN PROFIT SHARING PLAN AND STORY INVESTMENT, LLC'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE SIXTH CAUSE OF ACTION OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  November 4, 2025<br>Time:  10:00 a.m.<br>Ctrm:  Hon. Consuelo B. Marshall<br>          Court Room 8D<br>          350 West First Street<br>          Los Angeles, California 90012 |

                                      1

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Defendants Ronald Perlstein, Ronald Perlstein as Trustee of the Ronald Perlstein Profit Sharing Plan, and Story Investment, LLC (collectively "Defendants") who file the following Reply Brief in support of their motion to dismiss Plaintiff's Sixth Cause of Action for violation of the automatic stay under 11 U.S.C. § 362 without leave to amend, and dismissing the remaining state-law claims without prejudice, as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's Opposition abandons the sole federal claim actually pleaded—the alleged violation of the bankruptcy automatic stay—and improperly attempts to recast this case as one involving unpled ERISA and tax-related violations, along with alleged state-law irregularities in the foreclosure process that appear nowhere in the First Amended Complaint. None of that rescues the operative federal claim. The only federal cause of action alleged remains the sixth cause of action for the purported violation of the automatic stay under 11 U.S.C. § 362, and it fails as a matter of law for three independent reasons: (1) the March 7, 2024 creditor-to-creditor loan transfer is not an act stayed by § 362(a); (2) the foreclosure occurred only after the Bankruptcy Court granted relief from stay; and (3) the complaint pleads no § 362(k) damages

2

DEFENDANTS RONALD PERLSTEIN AND STORY INVESTMENTS LLC
REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SIXTH CLAIM

traceable to any stayed act. Accordingly, the Court should dismiss the § 362 claim without leave to amend and decline supplemental jurisdiction over the remaining state-law causes of action pursuant to 28 U.S.C. § 1367(c)(3), dismissing them without prejudice.

The Opposition further confirms that Plaintiff now relies on ERISA § 406(b), IRC § 4975, and alleged state-law irregularities in the foreclosure process to argue that the sale is "void." None of these theories are pleaded as federal causes of action, and they cannot be raised for the first time in an opposition brief. The Court's review under Rule 12(b)(6) is confined to the claims actually set forth in the First Amended Complaint.

### II.  LEGAL ANALYSIS

#### A.  The Opposition Improperly Injects Unpled ERISA and Tax Theories; There Is No ERISA Cause of Action to Sustain Federal Jurisdiction

Plaintiff's Opposition abandons the sole federal claim actually pleaded—the alleged violation of the bankruptcy automatic stay—and improperly attempts to recast this case as one involving ERISA and tax-related violations that appear nowhere in the First Amended Complaint. These new theories are procedurally improper and legally irrelevant. A plaintiff cannot amend to add new claims or new factual theories via an opposition brief. See, e.g., *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("new" allegations in opposition papers are irrelevant to Rule

3

12(b)(6)); *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (same).  Even had Plaintiff attempted to plead an ERISA claim, she would lack statutory standing under 29 U.S.C. § 1132(a), which limits enforcement to participants, beneficiaries, and fiduciaries—categories that do not include a mortgagor challenging a foreclosure.  Accordingly, the ERISA and tax-code citations in the Opposition neither create a federal question nor preserve subject-matter jurisdiction once the § 362 claim is dismissed.

**B.     No § 362 violation: a creditor-to-creditor assignment is not stayed, and foreclosure occurred only after stay relief**

**1.     Routine loan assignments are not stayed acts under § 362(a)**

As shown in Defendants' motion, a creditor-to-creditor assignment is not an action "against the debtor" under § 362(a)(1)–(2) and does not constitute an act "to obtain possession of" or "to exercise control over" estate property under § 362(a)(3). The Ninth Circuit has long held that the automatic stay must be construed narrowly— its function is to shield the debtor and the estate from affirmative collection activity, not to regulate internal transactions among creditors. *In re Pecan Groves of Ariz.*, 951 F.2d 242, 245 (9th Cir. 1991). See also *In re Pettit*, 217 F.3d 1072, 1080 (9th Cir. 2000); *In re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1992).

The Opposition's assertion that the March 7, 2024 loan transfer "violated § 362(a)(3)" misreads both the statute and controlling precedent.  A routine assignment

4

of a note or servicing rights does not alter the debtor's obligations, change the repayment terms, or interfere with possession of the property. It merely substitutes one creditor for another—a ministerial event outside the reach of the automatic stay.

        2.        **Foreclosure took place after stay relief, defeating causation**

Plaintiff argues that the foreclosure sale is "void during the stay," but her own allegations establish that the sale occurred in May 2024—after the Bankruptcy Court granted relief from stay. As pleaded in the FAC itself (¶¶ 3, 20-23), the stay was lifted before the sale, precluding any § 362 violation tied to the foreclosure. The stay therefore no longer existed when the foreclosure took place. Plaintiff pleads no facts showing that any act occurring before stay relief caused a cognizable injury. This timing alone defeats causation and precludes any recovery under § 362(k). Because the foreclosure followed a valid order lifting the stay, it was lawful as a matter of law and cannot support a stay-violation claim.

    **C.**    **Plaintiff Has Not Alleged Actionable Damages under 11 U.S.C. § 362(k)**

Section 362(k) permits recovery only of "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages." The FAC's conclusory mentions of "loss of property," "legal expenses," or "emotional distress" are insufficient to state a claim because they lack specificity and a direct causal link to any pre-relief stayed act. *Dawson v. Washington Mut. Bank (In re Dawson)*, 390 F.3d

5

DEFENDANTS RONALD PERLSTEIN AND STORY INVESTMENTS LLC
REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SIXTH CLAIM

1139, 1149 (9th Cir. 2004) (emotional-distress recovery requires specific factual allegations and a direct causal link to the alleged stay violation). The Opposition itself confirms that Plaintiff's alleged damages flow entirely from the foreclosure—which, by her own timeline, occurred only after the Bankruptcy Court granted relief from stay—not from the March 7, 2024 loan assignment. Because no compensable injury is traceable to any act taken while the stay was in effect, Plaintiff cannot recover under § 362(k). That failure of causation and damages is fatal to the claim.

> D. **State-law foreclosure and "licensing" arguments do not save the federal claim; the Court should decline supplemental jurisdiction**

Plaintiff's remaining points (alleged trustee/beneficiary conflicts, substitutions, bidding identity issues, and UD-judgment arguments) sound exclusively in state law and, even if cognizable, have no bearing on whether the FAC states a claim under 11 U.S.C. § 362. Once the sole federal claim is dismissed, the Court should decline supplemental jurisdiction over the remaining causes of action pursuant to 28 U.S.C. § 1367(c)(3) and dismiss them without prejudice. See *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (when federal claims are dismissed before trial, state claims should ordinarily be dismissed as well).

III. **CONCLUSION**

The Opposition does not cure the pleading defects. It relies on unpled federal statutes, misreads § 362(a), and still fails to allege any actual § 362(k) damages caused

6
DEFENDANTS RONALD PERLSTEIN AND STORY INVESTMENTS LLC
REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SIXTH CLAIM

by a stayed act.  The alleged March 7, 2024 loan transfer between creditors is not a stay violation; the foreclosure occurred only after relief from stay; and Plaintiff's remaining theories sound exclusively in state law.

Accordingly, the Court should grant Defendants' motion to dismiss the Sixth Cause of Action for violation of 11 U.S.C. § 362 without leave to amend, and decline to exercise supplemental jurisdiction over the remaining state-law causes of action pursuant to 28 U.S.C. § 1367(c)(3), dismissing them without prejudice.

DATED: October 20, 2025

Respectfully Submitted,
YOURIST LAW CORPORATION

By:   /s/ *Daniel J. Yourist*
DANIEL J. YOURIST
Attorneys for Defendants, RONALD PERLSTEIN, INDIVIDUALLY AND AS TRUSTEE OF THE RONALD PERLSTEIN PROFIT SHARING PLAN, AND STORY INVESTMENT, LLC

7

DEFENDANTS RONALD PERLSTEIN AND STORY INVESTMENTS LLC
REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SIXTH CLAIM

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES** |

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 10850 Wilshire Blvd., Suite 710, Los Angeles, California 90024.

On October 20, 2025, I served true and correct copies of the following document(s) described as **DEFENDANTS RONALD PERLSTEIN, RONALD PERLSTEIN AS TRUSTEE OF THE RONALD PERLSTEIN PROFIT SHARING PLAN AND STORY INVESTMENT, LLC'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE SIXTH CAUSE OF ACTION OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on October 20, 2025, at Los Angeles, California.

/s/ *Daniel J. Yourist*
Daniel J. Yourist