**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Linda Veerkamp,<br><br>    Plaintiff,<br>v.<br>Ronald Perlstein *et al.*,<br><br>    Defendants. | Case No.: 2:25-cv-5496-CBM-JPR<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

The matters before the Court are: (1) Defendants Farmers & Merchants Bank of Long Beach ("F&M's") Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 24); (2) Defendants Ronald Perlstein, Ronald Perlstein as Trustee of the Ronald Perlstein Profit Sharing Plan, and Story Investment, LLC's Motion to Dismiss the Fifth Cause of Action of Plaintiff's Complaint (Dkt. No. 47); (3) Defendants Sam Ostayan, Fleet Capital, Inc., and Adam Garasad's Motion to Dismiss First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 14); (4) Defendants Fidelity National Title Company and Vicky Ezzell's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 30); and (5) Defendants Equity Funding Source, Inc. and Judith Krug's Motion to Dismiss the First Amended Complaint (Dkt. No. 22).

## I. BACKGROUND

This action arises from the foreclosure and sale of Plaintiff's home. On April 15, 2025, Plaintiff Linda Veerkamp filed a complaint against Defendants[1] in Los Angeles County Superior Court (Case No. 25STCV11100) asserting fourteen causes of action including a single federal claim for violation of bankruptcy automatic stay under 11 U.S.C. § 362. (Dkt. No. 1-1.) On July 17, 2025, Defendants Ostayan, Fleet Capital, Inc. and Garasad timely removed the action to this federal district court based on federal question jurisdiction. (Dkt. No. 1.) On July 3, 2025, Plaintiff filed the First Amended Complaint ("FAC") as a matter of right, asserting the following fourteen causes of action: (1) wrongful foreclosure against Defendants Perlstein, Garasad, Ostayan, and Herrera; (2) fraud and intentional misrepresentation of fact/deceit against Defendants Perlstein, Garasad, Ostayan and Herrera; (3) bad faith—breach of the duty of good faith and fair dealing against Defendants F&M, The Equity Funding Source, American Trust Escrow, Ezell, Fidelity, Western Fidelity, and Perlstein; (4) breach of contract against all Defendants; (5) violation of Bankruptcy Automatic Stay under 11 U.S.C. § 362 against Defendants F&M, Perlstein, and Story Investments Inc.; (6) unjust enrichment against all Defendants; (7) conversion against all Defendants; (8) constructive trust against all Defendants; (9) intentional infliction of emotional distress against Defendants Perlstein, Garasad, Ostayan, F&M, and Herrera; (10) negligence against all Defendants; (11) injunction – Cal. Bus. & Prof. Code § 17200, Unfair Business Practices, against all Defendants; (12) declaratory relief; and (13) quiet title. (Dkt. No. 9.) Defendants Kathleen Herrera, Western Fidelity Associates, LLC dba Western Fidelity Trustees, and The Entrust Group Inc. filed

---

[1] The named defendants in the Complaint are Ronald Perlstein, The Ronald Perlstein Profit Sharing Plan FBO, The Entrust Group, Story Investment LLC, Vicky Ezell, Fidelity National Title Company, Kathleen Herrera, Western Fidelity Trustee, Farmers and Merchants Bank of Long Beach, American Trust Escrow, Chris Fontes, Equity Funding Source, Judith Krug, Fleet Capital, Sam Ostayan, Adam Garisad aka Demo Garisad.

answers to the FAC.  (Dkt. Nos. 48, 52.)   Certain defendants now move to dismiss the FAC.  (Dkt. Nos. 14, 16, 22, 24, 25, 30, 47.)

## II.	STATEMENT OF THE LAW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A formulaic recitation of the elements of a cause of action will not suffice.  *Twombly*, 550 U.S. at 555. Labels and conclusions are insufficient to meet the Plaintiff's obligation to provide the grounds of his or her entitlement to relief.  *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper.  *Id*.  A court may consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *In re Stac Elec. Sec. Litig.,* 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## III.	DISCUSSION

Plaintiff's fifth cause of action is brought against Defendants F&M,

Perlstein, and Story Investments Inc. for violation of Bankruptcy Automatic Stay under 11 U.S.C. § 362, which provides a bankruptcy petition filed under 11 U.S.C. §§ 301, 302 or 303 "operates as a stay, applicable to all entities" of:

> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> **(4)** any act to create, perfect, or enforce any lien against property of the estate;
>
> **(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> **(7)** the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
> **(8)** the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

Here, the FAC alleges:

> 1. "[P]laintiff filed a Chapter 13 Bankruptcy Petition on November 29, 2023" (FAC at 2; *see also id*. ¶ 7 ("In response to Perlstein's foreclosure the plaintiff filed a Chapter 13 Bankruptcy Petition on November 29, 2023."); *id*. ¶ 123 (alleging Plaintiff filed for Chapter 13 bankruptcy on November 29, 2023));
>
> 2. "The automatic stay was in effect when Perlstein and the other creditor Farmers and Merchants Bank of Long Beach (F&M) succeeded in getting the stay lifted by defrauding the Court." (*Id*. at 2.)

|   |   |   |
|---|---|---|
| 3. | | "Farmers and Merchants Bank had filed a Motion to Lift the Automatic Stay on or about February 7, 2024." (*Id.* ¶ 8); |
| 4. | | "F&M bank sold the plaintiff's loan and service agreement to Perlstein without notifying the Bankruptcy Court, on March 7, 2024. This is. . . a violation of the automatic stay by the two creditors. The stay was lifted in May of 2024." (*Id.* at 2; *see also id.* ¶ 8 ("The plaintiff has recently discovered that Farmers and Merchants Bank sold the plaintiff's loan and servicing agreement to a company called Story Investments, Inc. on March 7, 2027. This transaction was completed without the knowledge or approval of the Bankruptcy Court. Story Investments, Inc., is owned by Ronald Perlstein. The entire transaction was concealed from the Court.")); and |
| 5. | | "Despite the automatic stay, Defendants willfully and knowingly violated federal bankruptcy law by: |
| | a. | Conducting a foreclosure auction of the Subject Property on May 7, 2024, while the stay was in effect; Transferring loan and service agreement on March 12, 2024 while in Bankruptcy Court |
| | b. | Proceeding with actions to transfer title of the Subject Property despite the stay; |
| | c. | Initiating eviction proceedings against Plaintiff while the stay remained in place." (*Id.* ¶ 124.) |

As to eviction proceedings which Plaintiff alleges violated the automatic bankruptcy stay, the FAC alleges Defendant Garasad "started an unlawful detainer eviction action against Plaintiff" (FAC ¶ 80) and Garasad's attorney Katherine Meleski "filed a verified Unlawful detainer Complaint on 7-9-24" (*id.* ¶ 35). There is no alleged conduct by Defendant F&M, Perlstein or Story Investment, LLC in connection with the filing of the eviction proceedings.

With respect to the foreclosure action which Plaintiff alleges violated the automatic bankruptcy stay, F&M argues Perlstein conducted the auction. However, the FAC does not clearly allege who conducted the foreclosure auction. That said, the FAC alleges "the stay was lifted and Perlstein foreclosed on [Plaintiff's] home on May 7, 2024." (FAC ¶ 14.) Therefore, Plaintiff fails to state a claim for violation of the automatic bankruptcy stay based on the foreclosure auction which the FAC alleges occurred after the automatic stay was lifted.

As to the alleged transfer of the loan and service agreement which Plaintiff

alleges violated the automatic bankruptcy stay, Defendants F&M, Perlstein and Story Investments, Inc. argue such transfer does not violate the automatic stay under 11 U.S.C. § 362 because it was not a transfer of the property itself but rather transfer or assignment of an interest in the property by a creditor.  Because the alleged conduct of transferring the loan and service agreement re: Plaintiff's property involved a transfer of an interest in the property (i.e., the loan and servicing agreement for the property)[2] by a creditor, rather than transfer of the property itself, such alleged conduct did not violate the automatic stay under 11 U.S.C. § 362.  *See In re Pecan Groves of Arizona*, 951 F.2d 242, 245 (9th Cir. 1991); *In re Moses*, 2017 WL 3951703, at *4 (Bankr. C.D. Cal. Sept. 7, 2017); *Mendoza v. Bank of Am. Home Loans*, 2015 WL 4641616, at *3 (E.D. Wash. Aug. 4, 2015) (citing 11 U.S.C. §§ 362(b)(24), 544, 549).  Thus, Plaintiff does not allege the March 2024 transfer/sale/assignment of the loan changed Plaintiff's repayment obligations for the loan on the property or was an attempt to collect on the debt.  Therefore, the FAC fails to plead any violation of the automatic stay under 11 U.S.C. § 362.[3]

## IV.   CONCLUSION

Accordingly, the Court **GRANTS** Defendant F&M's Motion to Dismiss as to Plaintiff's fifth cause of action for violation of the bankruptcy automatic stay under 11 U.S.C. § 362, and **GRANTS** Defendants Perlstein and Story Investment, LLC's Motion to Dismiss the fifth cause of action without leave to amend. Because Plaintiff's fifth cause of action for violation of the automatic stay under 11 U.S.C. § 362 is the sole federal claim asserted in the FAC, the Court remands the action back to state court as to the remaining state law claims.  *See* 28 U.S.C. §

---

[2] The FAC alleges F&M "sold" Plaintiff's loan and service agreement for the property to Perlstein.  (FAC at 2; *id.* ¶ 8.)

[3] Leave to amend would be futile because Plaintiff cannot allege additional facts to state a claim for violation of the automatic bankruptcy stay based on the three alleged actions.

1367.  The Court **<u>DENIES</u>** defendants' motions to dismiss the state claims **<u>without prejudice</u>** to refiling in state court.

   **IT IS SO ORDERED.**

DATED:  December 2, 2025.

               CONSUELO B. MARSHALL
               UNITED STATES DISTRICT JUDGE